ON MOTION FOR REHEARING
ORFINGER, Judge.
We withdraw the opinion previously filed in this case and substitute the following in its place.
Oceans Seven Condominium Association (“Association”), contended that Elbadrama-ny was in violation of the Condominium Rules of Conduct in parking his boat and boat trailer in the condominium parking lot. After numerous letters between the Board of Directors and Elbadramany, a Review Committee, authorized by the By-Laws, imposed a fine of $5.00 per day for each day that Elbadramany failed to remove his boat and boat trailer from the parking lot. After the passage of nine and a half months, the Association filed a complaint against Elbadramany for foreclosure of a lien against his condominium unit alleging that Elbadramany had “failed and refused to pay the sum of Nine Hundred Thirty ($930.00) Dollars, representing the fine for improper use of common element property.” The trial court entered a judgment in foreclosure against Elbadramany’s condominium unit, ordering Elbadramany to pay the Association $3,295.00 in fines, plus attorney’s fees and court costs, for a total of $12,156.50. The trial court ordered that Elbadramany’s condominium unit be sold at public sale within three days if he failed to pay the amount due with interest. The order was stayed pending the disposition of the matter on appeal.
The Association assessed the fine against Elbadramany based on its finding that El-badramany was in violation of the Association’s rules and regulations regarding the parking of trailers and commercial vehicles on common property. The By-Laws of the Association provided that:
If the Committee concludes that a violation has taken place, it may have the following elections:
(I) Reprimand.
(II) Levying a fine in such amount as may be reasonable under the circumstances.
(III) Authorize the initiation of appropriate action.
The Association’s Declaration of Condominium provided that fines “shall be considered a common expense of the member, leviable by the Committee against the unit and collectible in the same manner as any other common expense of the Association.” In reliance on this language, the Association filed the claim of lien against Elbadra-many’s unit. The Association argues that because the condominium documents permit the Association to impose a lien against a unit for past due assessments owed by the unit owner, the Association was clearly within its rights when it placed a lien on appellant’s condominium unit for appellant’s failure to pay the fine.
The flaw in appellee’s argument is in appellee’s attempt to label a “fine” a “common expense.” The purpose of the fine was to punish Elbadramany or to induce him to curb his perceived errant ways; the fine, like all fines, was directed at the offending party. Thus, the fine was not collectible from all the unit owners. Section 718.115(2) of the Florida Statutes (1983) requires that funds for the payment of common expenses be collected by assessments against unit owners in proportion to their ownership interest in the common ele *1003 ments.. The fine is not collectible from all unit owners in proportion to their ownership interest, and therefore cannot be a common expense without violating section 718.115(2). Although the condominium documents purport to transform a fine into a common expense and thus make the fine enforceable under section 718.116,[1] the condominium documents cannot lawfully provide procedures which are inconsistent with the Condominium Act. See, Fla.Stat. §§ 718.104(4)(Z), 718.112(3)(c) (1983). Thus, the lien was invalid and could not serve as a basis for a foreclosure judgment. In light of this determination, we do not reach any of the other issues raised on this appeal. The final judgment is reversed and the cause is remanded for such further proceedings as are not inconsistent herewith.
REVERSED and REMANDED.
COBB, C.J., and DAUKSCH, J., concur.

. Although not applicable here, it is interesting to note that Chapter 84-368, Laws of Florida, 1984, creates section 718.303(3), Florida Statutes, effective October 1, 1984, which reads:
(3) If the declaration or bylaws so provide, the association may levy reasonable fines against a unit for failure of the owner of the unit or its occupant, licensee or invitee to comply with any provision of the declaration, the association .bylaws, or reasonable rules of the association. No fine shall become a lien against a unit. No fine shall exceed $50 nor shall any fine be levied except after giving reasonable notice and opportunity for a hearing to the unit owner and, if applicable, its licensee or invitee. The provisions of this subsection shall not apply to unoccupied units.