# KILCULLEN v WARWICK CONDOMINIUM ASSOCIATION, INC.

## Case No. 86-4747 25 (DF)

Seventeenth Judicial Circuit, Broward County

May 30, 1990

### APPEARANCES OF COUNSEL

**Lance J. Thibideau, Esquire,** for plaintiffs.

**Robert W. Lee, Esquire** and **Larry J. McGuinness, Esquire,** Sherr, Tiballi, Fayne, Schneider, Sheptow, Kopelman & Byrd, for defendants.

### OPINION OF THE COURT

LARRY SEIDLIN, Circuit Judge.

*DECLARATORY JUDGMENT*

THIS CAUSE came before the Court for consideration pursuant to agreement of counsel that testimony is not required each having submitted Memorandum of Law.

The Plaintiffs, Brian Kilcullen and Danita Kilcullen, his wife, are owners of Unit 2-C at the Warwick, a condominium. In April, 1985 and in February of 1986, the Unit and a portion of the common area

of the Warwick sustained water damage as a result of an air conditioning leak. Warwick paid the resultant expenses for repairing the water damage to the common areas and assessed the Kilcullens in the amount of $299.00 and $260.00 for each respective incident. The Plaintiffs have refused to pay the assessments and Warwick has withheld permission from Kilcullen to lease the unit until the assessments are paid.

The Plaintiffs filed this action for Declaratory Relief and Damages for Tortious Interference with an Advantageous Business Relationship. This Court granted Defendant's motion to sever and the equitable issue in Count I will be tried first.

In their complaint for declaratory relief, the plaintiffs are seeking a judgment declaring that Defendant, the Warwick, be required to file a Claim of Lien for the unpaid assessments and must proceed pursuant to the provisions of Florida Statutes § 718.116 in order to secure payment, or file an action in a court of competent jurisdiction to collect said sums and that Defendant is not entitled to refuse to review lease applications until all sums are paid. By agreement of counsel the issue for this Court is the Warwicks refusal to review lease applications.

For the following reasons it is the ruling of this court that Defendant is within its legal authority to deny the Plaintiffs permission to lease their unit unless the unpaid assessments are paid or provided for to the satisfaction of the association.

The Warwick, like all condominiums is a creature of statute and contractual in nature. It is subject to the provisions of Florida Statutes Chapter 718 (hereinafter referred to as "the Act") the Declaration of Condominium, the Articles of Incorporation by Warwick, its By-Laws, and properly promulgated rules and regulations. It is the date of filing the declaration of condominium and its subordinate documents which generally controls for purposes of fixing the parties rights and obligations. *Sans Souci v Division of Florida Land Sales and Condominiums*, 421 So.2d 623 (Fla. 1st DCA 1982). Since the Warwick's declaration was recorded August 3, 1978 and expressly incorporates the Condominium Act as it existed then and not as it may be changed from time to time, Chapter 718 of the Florida Statutes of 1978 govern the rights and obligations of the parties to this lawsuit, as well as, the Condominium documents and any legislative or judicial changes to the Condominium Act specifically intended to apply retrospectively. *Avila South Condominium Association, Inc. v Kappa Corp.*, 347 So.2d 599 (Fla. 1977). As regards this case, there are no statutes intended to be applied retroactively.

211

FS § 718.104(4)(1) (FS 1977) provides that the contents of the Declaration of Condominium may contain "Other desired provisions not inconsistent with this chapter." No provision for a special assessment was included in the 1978 version, although the Act does define "assessment" as ". . .a share of the funds required for the payment of common expenses, which from time to time is assessed against the unit owner." FS § 718.103(1) (FS 1977). The Act further defines "common expenses" as ". . .all expenses and assessments properly incurred by the association for the condominium." FS § 718.103(7) (FS 1977). Pursuant to this Act, Article XIV of the Warwick Condominium's Declaration empowered the Association to ". . .collect assessments, *special assessments and such other assessments* as are provided by The Condominium Act, this Declaration and the By-Laws." (emphasis added) Since the Act already provided for assessments of common expenses, it is not inconsistent for the Warwick Declaration to include a provision whereby individual unit owners are specially assessed.

This Court's review of the pertinent Condominium documents revealed a clear intent to place water damage responsibilities within the scope of other assessments properly chargeable to an individual condominium unit.

Article XIV(B) of the Declaration provides that emergency repairs or replacements deemed necessary to protect the common elements, which are not common expenses, are, *"properly chargeable to the individual condominium parcel concerned."* (emphasis added)

Article XVII (A) of the Declaration pertains to maintenance and repairs of the units and a unit's equipment:

The owner of each condominium unit at his own expense shall see to and be responsible for the maintenance of his unit and all equipment and fixtures therein, including but not limited to all air-conditioning equipment (including compressors for his unit located within a unit or on the common elements), and must properly correct any condition which would, if left uncorrected, cause any damage to another unit, *and shall be responsible for any damages caused by his willful, careless or negligent failure to act.* . . (emphasis added).

The Condominium's Rules and Regulations as authorized by Articles XI and XXVIII of the Declaration and Article XII of the By-Laws further state the requirements and responsibilities as to maintenance and repair of air conditioning units and the general responsibilities for damages to the Condominium:

*Use Restrictions.* . . .All owners are responsible for their air condi-

212

tioning unit and must have service contracts. The Condominium area responsibility stops at the ball valve. *Id.* at 9.

*Damage to Property.* . .The marking, marring, damaging, destroying or defacing of any part of the building, grounds or parking areas shall not be tolerated. If anyone is responsible for any of the above wrongdoings, *the cost of the repairing such items will be assessed against the owner responsible for same.* . . *Id.* at 3. (emphasis added)

*Absence of Owners.* . .Owners are responsible for damage caused by their air conditioners and water tanks. All owners must provide service contracts on their own units. Owners responsibility starts at the shut-off valve. These service contracts should be recorded with the manager so that the service company may be notified immediately in the owners absence. . . *Id.* at 2. Thus, pursuant to an express provision of the Declaration of Condominium, and presumably validly enacted rules and regulations not in contravention of the Declaration, it is within the Defendant's authority to assess the responsibility for the water damage to the Plaintiffs.

In view of the express language of Article XIV(B) and Article XVII(A) of the Declaration, this Court is unpersuaded by Plaintiffs assertion that if they did not maintain a service contract on the unit, in violation of the above cited condominium regulations, Defendants are then attempting to impose what would be an impermissible and unreasonable fine exceeding the statutory sum of $50.00. *Elbadramany v Oceans Sevens Condominium Association, Inc.,* 461 So.2d 1001 (Fla. 5th DCA 1984). This is not a situation where the Association is attempting to call a fine for the violation of a rule an assessment and enforce a fine in the same manner as an assessment ie. a lien.

An examination of the Warwick Condominium documents and the 1978 version of the Condominium Act reveal no provision by which to fine a unit owner for violating association rules and regulations. To the contrary, the declaration is very specific as to responsibility. Plaintiff was on notice of the recorded provisions of the Condominium and the assessment scheme. If Plaintiff did not wish to be bound by the Condominium documents, Plaintiff was free not to have purchased the unit and not to have submitted to the condominium form of ownership. *Bessemer v Gersten,* 381 So.2d 1344 (Fla. 1980).

Plaintiff asserts a due process challenge to the Defendant's withholding permission to rent said unit until all past due assessments are paid. This Court is likewise unpersuaded since demand for the monies was made without result and Defendant was within its rights under the documents and case law to withhold permission to rent.

Article XII(C) of the Declaration requires the approval of the association for the sale, transfer, lease or conveyance of a unit. Article XII(F) of the Declaration further states that unit owners cannot sell or lease their unit until all past due assessments have been paid or their payment is provided for to the satisfaction of the association.

In *Pine Island Ridge Condominium "F" Association, Inc. v Waters,2rf 374 SO.2d 1033 (Fla. 4th DCA 1979) the Fourth District held that where the declaration specifies that unit owners must obtain approval of the association prior to leasing, it is reasonable to withhold such permission from an owner who is in default of monthly assessments and thereby placing an added burden upon the other property owners.* This Court agrees with the rationale of *Pine Island Ridge* and extends this rationale to logically include properly charged past due special assessments and other assessments as are provided for in the Declaration and contemplated by Chapter 718 as an association power or as in the case *sub judice,* an association restriction on the lease of units and approval thereof. *See, Tower House Condominium, Inc. v Millman,* 475 So.2d 674 (Fla. 1985).

This court is however troubled by whether the water damage assessment was procedurally proper and whether Plaintiffs could challenge same without the association filing a Claim of Lien.

Contrary to Plaintiffs assertion that the Defendant violated its own By-Laws regarding special assessments, an examination of the Declaration, and By-Laws reveal that more than one manner for making and collecting assessments is contemplated. Article X of the By-Laws reads as follows:

*Assessments and Manner of Collection. . .Special* assessments, should they be required by the Board of Directors, shall be levied and paid in the same manner as regular assessments, *unless the Declaration of Condominium shall otherwise provide.* The Board of Directors may allow its managing agent or manager to make special assessments in emergencies upon the happening of such unusual circumstances and upon such conditions as the Board may authorize. . . (emphasis added).

Thus, either an assessment for emergencies or, an assessment as otherwise provided for in the Declaration of Condominium need not be assessed in the same manner as provided for the general assessment of all unit owners. As already discussed the Declaration contemplates individual assessments for damages caused by air conditioning units and thus, may be properly chargeable to the individual parcel concerned.

Plaintiffs likewise assert that Defendant should be forced to file a Claim of Lien to assert its claim for water damage. The condominium documents and the Act empower an association with more than one remedy for enforcement, none of which is exclusive, to wit: lien remedy, personal judgment remedy, fines if provided, and association restrictions on the transfer and lease of units and approval thereof. [1] It would be patently unfair for this Court to force Defendant to elect Plaintiffs' preferred course of action. Likewise, Plaintiffs do not have their hands tied but have remedies within their reach by which to challenge the Defendant's enforcement of this assessment. *Margate Village Condominium Association, Inc. v Wilfred, Inc.*, 350 SO.2d 16 )Fla. 4th DCA 1977).

Therefore it is the Final Judgment of this Court regarding Count I of Plaintiffs' Amended Complaint:

A. That the Defendant, WARWICK CONDOMINIUM ASSOCIATION, INC., is within its legal authority to deny the Plaintiffs permission to lease their unit unless the unpaid assessments are paid or provided for to the satisfaction of the association.

B. That Plaintiffs, BRIAN KILCULLEN and DANITA KILCULLEN, take nothing as to Count I of this action and that the Defendant, WARWICK CONDOMINIUM ASSOCIATION, INC., go hence without day as to the claims in Count I.

C. This Court reserves jurisdiction to determine recoverable attorneys fees and costs.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward COunty, Florida, this 30th day of May, 1990.

---

[1] This Court is not unaware of the declaratory statement *Dover House Condominium Association, Inc. v Division of Florida Land Sales, Condominiums and Mobile Homes*, Case No. 85A-267, *per curiam affirmed*, 506 So.2d 1045 (Fla. 4th DCA 1986) voiding an association by-law which barred delinquent unit owners access to the common elements as not being an expressly granted statutory remedy. Arguable, this case is at odds with *Pine Island Ridge.* However the cases are not inconsistent since the power to revoke use rights is not contemplated by Chapter 718 while restrictions on the lease of units and approval thereof is.