475 So.2d 674 (1985)
TOWERHOUSE CONDOMINIUM, INC., Petitioner,
v.
Merton MILLMAN and Lillian Aronoff, Respondents.
No. 61268.
Supreme Court of Florida.
August 15, 1985.
Rehearing Denied October 7, 1985.
*675 Mark B. Schorr of Becker, Poliakoff and Streitfeld, Fort Lauderdale, for petitioner.
Daniel Neal Heller and Robert Golden of Heller and Kaplan, Miami, for respondents.
PER CURIAM.
The present suit arose because of a disagreement over parking facilities at a high-rise condominium. The condominium, TowerHouse, was created by a Declaration of Condominium in 1974. In 1978, controversy erupted over the number of parking spaces available to the residents and in response the Board of Directors began negotiating the purchase of a parcel of property adjacent to the condominium for use as additional parking. Total purchase price of the parcel, including improvements, would amount to $510,000. At a special noticed meeting, sixty-eight of the eighty-four unit owners were present and they voted unanimously to acquire the adjacent lot and to assess each unit owner a $6,000 charge. The land was purchased and all but two of the owners (the respondents) eventually paid the assessment. The condominium association then brought action in circuit court to foreclose liens against the respondents' units for non-payment of the special assessment. Following a non-jury trial, final judgment was entered dismissing the association's complaint with prejudice, after a finding that the association had the power to purchase real property not part of the original condominium property but that this power could not be exercised without the consent of all unit owners. The district court of appeal affirmed in TowerHouse Condominium, Inc. v. Millman, 410 So.2d 926 (Fla. 3d DCA 1981). Upon denial of rehearing, the district court certified the following question as one of great public importance:
Whether a condominium association may, upon approval by at least two-thirds but less than all condominium unit owners, purchase a substantial tract of adjacent land for use by all unit owners as parking space in addition to the parking space designated as a common element by the Declaration of Condominium, then levy a pro-rata share of the purchase price against those unit owners who withheld approval, without first submitting the property to condominium ownership by amendment to the Declaration of Condominium.
TowerHouse Condominium, Inc. v. Millman, 410 So.2d 926 (Fla. 3d DCA 1981). We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. For the reasons herein expressed, we find the association lacked power to purchase the property initially and so do not reach the certified question.
Petitioner asserts that the condominium association has both the power to purchase the land, upon seventy-five percent approval by the association members, and to own the land in its own right, not as a common element of the condominium. Petitioner *676 contends that such power is authorized by chapter 617, Florida Statutes (1977), which sets forth the powers of not-for-profit corporations. In asserting entitlement to the broad powers granted under section 617.021, petitioner acknowledges the potential for abuse inherent in allowing condominium associations unfettered power of acquisition and invites this Court to create a limit where none now exists. We would, of course, decline to usurp the legislative power in any case, but we find that a close reading of the statutes cited reveals the limitations the legislature intended.
The grant of those powers enumerated in section 617.021, Florida Statutes (1977), is effective "unless otherwise provided... by law."[1] At the time TowerHouse was created, the Condominium Act, chapter 711, Florida Statutes (1973), delineated the powers to be exercised by condominium associations, including those organized as not-for-profit corporations under chapter 617.[2] Hence, petitioner may exercise only those powers enumerated in the Condominium Act, which expressly provides that the association may grant itself in the Declaration of Condominium and bylaws only those powers not inconsistent with the Act. A thorough search of those portions of the Condominium Act which delineate the rights and duties of the association reveals a statutory limitation on powers to purchase real property. At the time of the contested purchase, the statute did authorize the association to purchase units in the condominium. § 718.111(8), Fla. Stat. (1977).[3] It is a general principle of statutory construction, well established in Florida's jurisprudence, that the mention of one thing implies the exclusion of another. Thayer v. State, 335 So.2d 815 (Fla. 1976); 30 Fla.Jur. Statutes § 90 (1974). This rule of expressio unius est exclusio alterius leads to the conclusion that no other power to purchase real property was intended to be within the association's authority.[4] Had the power to purchase real property been inherent in the association, there would have been no necessity for a legislative grant of such power. The legislature did find it necessary to authorize that particular purchase and, in allowing the association sufficient power to accomplish that specified end, implicitly refused to grant any broader exercise of the power.[5]
*677 The district court of appeal found that the association had the power to purchase the land, but had failed to comply with those provisions requiring unanimity within the association to materially alter or modify the appurtenances to the unit pursuant to section 718.110(4), Florida Statutes (Supp. 1978). Therefore, that court reasoned, the purchase was valid but the assessments were not enforceable against respondents. To reach this conclusion, the lower court had to ignore the central fact giving rise to this dispute: the land purchased was not condominium property within the meaning of Section 718.103(11), Florida Statutes (1977).[6] Therefore, the land cannot be an appurtenance of the "condominium parcel" as defined by section 718.103(10), Florida Statutes (1977)[7] or by the TowerHouse Declaration of Condominium,[8] inasmuch as only "condominium property" can be appurtenant.
Both petitioner and respondents agree that the land did not become condominium property by virtue of being purchased by the association. Any addition to the condominium property requires unanimous approval by "all record Owner(s) and all record Owners of mortgages or other voluntarily placed liens thereon." Article VII, TowerHouse Condominium Declaration of Condominium. Since no such unanimity was achieved, the property, instead of belonging to the condominium, is "Association property," according to petitioner. (Respondents prefer to label it "alien property.") Inasmuch as we find that the association lacked power to purchase the property, we cannot agree that the association is authorized to hold the property.
As a matter of law, where property is acquired in the name of one person or entity with consideration provided by others, the transferee is presumed to hold title on a resulting trust for those who provided the consideration. State, Department of Revenue v. Zuckerman-Vernon Corp., 354 So.2d 353 (Fla. 1977). Payment of part of the consideration carries with it a proportional interest in the property and the party taking title to the whole becomes the trustee for the other party pro tanto. Hiestand v. Geier, 396 So.2d 744 (Fla. 3d DCA), cert. denied, 407 So.2d 1103 (Fla. 1981). Thus, while the association holds legal title to the property, it does so as trustee pro tanto for eighty-two members of the association who provided funds for the purchase. See generally Palmland Villas I Condominium Association v. Taylor, 390 So.2d 123 (Fla. 4th DCA 1980). Respondents, who did not contribute toward the purchase, have no equitable interest in the property but concomitantly have no liability for taxes, maintenance or improvements.
Because of the results reached herein, we find it unnecessary to answer the question certified by the district court of appeal. For the reasons stated above we approve the result of the district court without adopting its reasoning.
*678 Both parties have petitioned for attorneys' fees pursuant to section 718.303(1), Florida Statutes (1977). The respondents are the prevailing parties and are thus entitled to recover reasonable attorneys' fees. The case is remanded to the trial court for determination of such fees.
It is so ordered.
ADKINS, ALDERMAN, McDONALD and EHRLICH, JJ., concur.
OVERTON, J., concurs specially with an opinion.
BOYD C.J., concurs in part and dissents in part with an opinion.
OVERTON, Justice, specially concurring.
Condominium property ownership is strictly a creature of statutory law and relatively new. This Court has no authority to change or rewrite the law, but it appears the legislature should examine the circumstances of this cause to determine if some limited authority should be given condominium associations to allow the type of property acquisition attempted by this condominium association.
BOYD, Chief Justice, concurring in part and dissenting in part.
I agree with the court's holding that the condominium association had the power to purchase the contiguous property for use as additional parking. I dissent to the portion of the majority opinion that holds that the association may not assess the costs of acquisition and improvements against all the condominium unit owners.
Under the condominium declaration, the association bylaws, and the applicable statutes, the association had authority to execute the acquisition and impose the assessments upon a three-fourths vote of a quorum of the association membership. The purchase and improvement of the adjacent land for parking facilities was not such a material change of the common elements appurtenant to any unit owner's condominium parcel as to require an amendment to the declaration by unanimous vote. I would therefore quash the district court's decision and direct reversal of the trial court's judgment.
NOTES
[1] § 617.021. Corporate powers.  Every corporation not for profit organized hereunder, unless otherwise provided in its articles of incorporation or by law shall have power to: ... .
[2] (1) The operation of the condominium shall be by the association, the name of which shall be stated in the declaration. The declaration may require the association to be organized as a particular entity, such as but not limited to a corporation for profit or corporation not for profit, ... .
[3] (8) The association has the power, unless prohibited by the declaration, articles of incorporation, or bylaws of the association, to purchase units in the condominium and to acquire and hold, lease, mortgage, and convey them.
[4] Petitioner contends that such limitation on the association's purchasing power would render it impossible for the association to purchase "even a typewriter." We would calm petitioner's fears by referring to section 718.111(2), Florida Statutes (1981).
[5] Petitioner draws attention to a portion of the current Condominium Act, citing it as authorization for the purchase of land. That section provides:

The association has the power to purchase any land or recreation lease upon the approval of two-thirds of the unit owners of each condominium association, unless a different number or percentage is provided in the declaration or declarations.
§ 718.111(12), Fla. Stat. (Supp. 1982). Petitioner contends this provision would allow any association to purchase a recreation lease or to purchase land. Such a reading distorts the plain meaning of the language.
Petitioner's interpretation would deny the association power to purchase a land lease, a construction patently absurd in light of the asserted capacity to purchase land itself or recreational leases. The courts will not construe a statute so as to achieve an absurd result. McKibben v. Mallory, 293 So.2d 48 (Fla. 1974). The power to purchase has here been extended to leases, whether of land or of recreational facilities.
Respondents argue that this section could not authorize petitioner's action because it became effective after the disputed transaction took place. Petitioner protests that respondents failed to raise this objection below and should not be heard to assert it here. Because we find no basis for petitioner's purchase in the statute, we need not consider this issue.
[6] (11) "Condominium property" means the lands, leaseholds, and personal property that are subjected to condominium ownership, whether or not contiguous, and all improvements thereon and all easements and rights appurtenant thereto intended for use in connection with the condominium."

(emphasis supplied).
[7] (10) "Condominium parcel" means a unit, together with the undivided share in the common elements which is appurtenant to the unit."
[8] The TowerHouse Declaration of Condominium contains the following definitions:

(iv) Common Elements means the portions of the Condominium Property not included in the apartment Residences.
(vii) Condominium Parcel means an Apartment Residence together with the undivided share in the Common Elements which is appurtenant to the apartment Residence.
(viii) condominium Property means the real property herewith submitted to condominium ownership, being the property described in Exhibit "A", including all improvements located thereon and all easements and rights appurtenant thereto intended for use in connection with the Condominium.
(emphasis supplied).