489 So.2d 103 (1986)
OCEAN TRAIL UNIT OWNERS ASSOCIATION, INC., and Campeau Corporation Florida, Appellants,
v.
Robert H. LEVY, et al., Appellees.
CAMPEAU CORPORATION FLORIDA, Appellant,
v.
Robert H. LEVY, et al., Appellees.
Nos. 85-2104, 85-2139.
District Court of Appeal of Florida, Fourth District.
May 7, 1986.
Jay Steven Levine, North Palm Beach, and Walter C. Jones, IV, West Palm Beach, for appellant-Ocean Trail.
Kenneth J. Scherer, North Palm Beach, for appellant-Campeau.
John L. Avery, Jr., Jupiter, for appellees.
PER CURIAM.
Affirmed.
DOWNEY and WALDEN, JJ., concur.
GLICKSTEIN, J., concurs specially with opinion.
GLICKSTEIN, J., concurring specially.
In my view affirmance is correct because the board of directors of the condominium association did not have the authority to purchase the subject parcel of real property and assess the unit owners for the costs of the parcel without the approval of the unit owners.
The trial court, in granting partial summary judgment, said:
1. Plaintiffs are unit owners in the Ocean Trail complex. Defendant, OCEAN TRAIL UNIT OWNERS ASSOCIATION, INC. is the master condominium association for the five Ocean Trail condominiums. Defendant, CAMPEAU CORPORATION FLORIDA, is the developer of Ocean Trail condominiums. All Plaintiffs, as unit owners, are members of the OCEAN TRAIL UNIT OWNERS ASSOCIATION.
2. On March 7, 1985, at a general meeting, OCEAN TRAIL UNIT OWNERS ASSOCIATION took over control of the common elements of the Ocean Trail condominium complex from CAMPEAU CORPORATION FLORIDA. At that meeting, the board of directors for OCEAN TRAIL UNIT OWNERS ASSOCIATION was elected.
3. Subsequently, on or about March 13, 1985, within days of being elected, the board of directors of OCEAN TRAIL UNIT OWNERS ASSOCIATION entered into a written contract for the purchase of a parcel of real property from CAMPEAU *104 CORPORATION FLORIDA as an addition to the common elements of the condominium complex. The parcel was a site on which CAMPEAU had originally intended to build a sixth condominium. The contract price was $914,000.00.
4. The decision to make the purchase was solely that of the five member board of directors and no formal vote of the condominium unit owners was taken.
5. Each of the 602 units in the complex was assessed $1,518.44 through a special assessment to purchase the property. The sale of the property was closed on March 25, 1985, several weeks after the initial contract was signed.
6. The Articles of Incorporation and Bylaws of OCEAN TRAIL UNIT OWNERS ASSOCIATION, INC. permit the purchase of additions to the common elements only in accordance with the Declarations of Condominium of the condominiums in the complex.
7. The Declarations of Condominium make no provisions for purchase of realty by OCEAN TRAIL UNIT OWNERS ASSOCIATION, INC.
8. Plaintiffs sued Defendants, seeking:
(1) a declaratory judgment regarding the authority and right of Defendant, OCEAN TRAIL, to enter into the agreement to purchase the land; and
(2) rescission of the agreement.
9. On their motion for summary judgment, Plaintiffs submitted the cases of Beau Monde, Inc. v. Bramson, 446 So.2d 164 (Fla. 2d DCA), rev. denied, 453 So.2d 43 (Fla. 1984), and Towerhouse Condominium, Inc. v. Millman, 410 So.2d 926 (Fla. 3rd DCA 1981). Defendants argue that these cases were overruled on October 1, 1984, when Florida Statutes Section 718.111(7) went into effect. The Court finds that this statute does not address whether the unanimous vote of the owners is required before a condominium association may acquire title to property. Accordingly, the Court finds that these two cases were not overruled by the passage of this statute. The above two cases, and Florida Statute Section 718.110(4) (1984 Supp.) govern the case at bar.
10. The Court finds the purchase of the property by Defendant, OCEAN TRAIL, materially altered and modified the appurtenances to the Plaintiffs' units. Thus, under the original condominium documents and Florida Statute Section 718.110(4) (1984 Supp.), the unanimous consent of the unit owners was required before Defendant OCEAN TRAIL could purchase the property. Such unanimous consent was not obtained. Therefore, Defendant OCEAN TRAIL had no authority to enter into the above-described agreement. See Fla. Stat. Sec. 718.110(4); Beau Monde, Inc. v. Bramson, 446 So.2d 164 (Fla. 2d DCA 1984); Towerhouse Condo, Inc. v. Millman, 410 So.2d 926 (Fla. 3d DCA 1981).
11. Although rescission of a contract is within the equitable powers of the Court, the Court would prefer to hear testimony before considering this equitable remedy, and will accordingly grant summary judgment on the Plaintiffs' declaratory relief action.