511 So.2d 651 (1987)
Sidney ROTHENBERG, Charlotte Rothenberg, Robert Cummings and June Cummings, Appellants,
v.
PLYMOUTH # 5 CONDOMINIUM ASSOCIATION, Etc., Appellee.
No. 85-951.
District Court of Appeal of Florida, Fourth District.
July 29, 1987.
Rehearing Denied September 18, 1987.
Herbert L. Gildan and Phillip C. Gildan of Nason, Gildan, Yeager & Gearson, P.A., West Palm Beach, for appellants.
Rod Tennyson of Powell, Tennyson & St. John, West Palm Beach, for appellee.
WALDEN, Judge.
This is an appeal of a final judgment of foreclosure and an award of attorney's fees.
Plymouth # 5 Condominium Association (Association), appellee, contracted with another corporation, UCO, to provide bus transportation service for its unit owners to areas outside the condominium property. UCO charged the Association a lump sum payment for the service, which payment permitted the unit owners to ride the buses without paying a daily or trip charge. The Association assessed the cost for the service against all of the condominium unit owners as a common expense of the condominium property. When the appellants, unit owners in the condominium, refused to pay the assessment, the Association placed a lien against appellants' property for their pro rata share of the bus expense. The Association foreclosed its liens and this appeal is from the final judgment of foreclosure.
The issue on appeal is whether the bus transportation service, which is not connected with the condominium property nor the recreation lease entered into by the Association, can be assessed by the Association as a common expense against the unit owners. We answer in the negative and reverse.
Section 718.115(1), Florida Statutes (1983), defines common expenses as:
(1) Common expenses include the expenses of the operation, maintenance, repair, or replacement of the common elements, costs of carrying out the powers and duties of the association, and any other expense designated as common expense by this chapter, the declaration, the documents creating the condominium, or the bylaws.
In the instant case, the Association contends that the condominium documents allow it to enter into reasonable contracts and to declare the expenses of the contract valid common expenses. However, the Association can only exercise those powers granted in its declaration of condominium and by-laws which are not inconsistent with the Condominium Act. See Towerhouse Condominium, Inc. v. Millman, 475 So.2d 674 *652 (Fla. 1985); and Section 718.111(4), Florida Statues (1983).
According to the Condominium Act, a condominium unit owner may only be assessed for common expenses which are properly incurred by the association for the condominium. Section 718.103(7), Florida Statutes (1983). A condominium association may incur only those expenses which directly relate to the operation, maintenance, repair or replacement of the condominium property. Section 718.111, Florida Statutes (1983). The only exception to this rule is that an association is granted the specific power to acquire possessory or use interests in recreational facilities. Section 718.114, Florida Statutes (1983).
In the instant case, the bus transportation service is not condominium property nor is it a recreational facility. As such, it does not fall within the realm of either section 718.111 or section 718.114, Florida Statutes (1983), and therefore, the Association does not have the power to assess the cost for this service as a common expense against the unit owners. Accordingly, the liens against the unit owners were not valid, and the judgment of foreclosure and award of attorney's fees is reversed.
REVERSED.
ANSTEAD and DELL, JJ., concur.