Mr. Michael S. Davis City Attorney City of St. Petersburg Post Office Box 2842 St. Petersburg, Florida 33731
Dear Mr. Davis:
You have asked for my opinion on substantially the following question:
 Does s. 111.012, F.S., permit an elected public officer to receive funds for that officer's personal use and benefit from a testimonial as defined in s. 111.012, F.S., held for the purpose of raising funds on behalf of that officer?
In sum, it is my opinion:
 Section 111.012, F.S., prohibits an elected public officer from receiving funds for that officer's personal use from any testimonial, as defined in s. 111.012(1)(a), F.S., held for the purpose of raising funds on behalf of that officer.
Section 111.012(2)(a), F.S., governs the conduct of testimonials for elected public officers.[1] "Testimonial" is defined for purposes of the statute as "any breakfast, dinner, luncheon, rally, party, reception, or other affair held to honor or raise funds on behalf of any elected public officer, except a campaign fund raiser held pursuant to s. 106.025(1)."[2]
Before a testimonial may be held, a notice of intent to hold the testimonial must be filed by the person in charge of the testimonial.[3] This notice must be filed with the Division of Elections in the case of a state or multicounty district officer or, in the case of other officers, with the supervisor of elections where the officer resides.[4]
In addition, s. 111.012(2)(a), F.S., requires that a testimonial account be established in a depository and a treasurer appointed: "No money or donation may be accepted, nor may any payment be made, with respect to such testimonial until the notice of intent has been filed and the testimonial account has been established and a treasurer has been appointed therefor." All money and donations received, and all payments made, with respect to the testimonial must be received and made through the treasurer who is required to keep detailed accounts of all deposits and all payments made.[5]
Section 111.012(2)(d), F.S., states:
 The proceeds of the testimonial held pursuant to this subsection remaining after the payment of the expenses therefor shall be disposed of as provided in this paragraph. All proceeds after payment of the expenses for such testimonial shall be donated to a charity stated in the notice of intent; returned pro rata to each person who purchased a ticket, gave money, or made a donation; or given, in the case of a state officer, to the state to be deposited in the General Revenue Fund or, in the case of an officer of a political subdivision, to the political subdivision to be deposited in the general fund thereof. A report of such disposition of funds shall be made by the person in charge of such testimonial within 90 days from the date the testimonial is held and shall be filed with the officer with whom the notice of intent is filed.[6] (e.s.)
The statute provides criminal penalties for violation of its terms.[7]
Thus, when a testimonial is held to honor or raise funds on behalf of an elected public official, such funds, after payment of the expenses incurred in holding the testimonial, must be disposed of as prescribed by s. 111.012, F.S. It would appear to be immaterial for purposes of the statute whether the elected public officer holds the testimonial himself or others hold it on his behalf.
The statute, in my opinion, neither contemplates nor authorizes an elected public officer to receive for his own personal use funds from a testimonial held on his behalf. The statute clearly provides for the disposition of funds received from such testimonials. You state that the payment of money to the public officer is not expressly prohibited. However, it is well recognized that in construing statutes, the mention of one thing in a statute implies the exclusion of another.[8] Thus, since disbursement of the proceeds from a testimonial held for an elected public officer to the officer are not among those disbursements authorized in s. 111.012, F.S., I am of the opinion that such payments may not be made.
Moreover, I cannot conclude that the statute, in authorizing the payment of expenses, encompasses payments to the public officer honored at such a testimonial; such payments would not appear to be charges or costs incurred in holding the testimonial within the contemplation of the statute.[9] Nor can I conclude that the provisions of s. 111.012, F.S., are limited to testimonials to honor elected public officers or to provide in the officer's name funds to charity or government. Section 111.012(1)(a), F.S., in defining "testimonial," contains no such limitation. Indeed, if the statute were so limited, it would have been unnecessary to place the exception within the definition for campaign fund raisers.[10] In addition, s. 111.012, F.S., authorizes the disposition of the excess funds not only to charity or government, but also permits the return of the money, pro rata, to those persons who purchased a ticket, gave money, or made a donation.[11]
Based upon the language of s. 111.012, F.S., it appears clear that the Legislature sought to restrict the use of funds received by elected public officers from testimonials held on their behalf. Such funds may not, in my opinion, be used by the officials for their own personal use but rather must be disposed of as provided in the statute. Accordingly, your question is answered in the negative.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 111.012(1)(b), F.S., defining "Elected public officer" to mean "any individual holding an elective state, county, municipal, or school or other district office or position."
[2] Section 111.012(1)(a), F.S.
[3] See, s. 111.012(2)(a), F.S.
[4] Section 111.012(2)(b), F.S. The notice must state the date and place the testimonial is to be held, the name and address of the person or persons in charge of the testimonial, the name and address of the officer in whose honor or on whose behalf the testimonial is to be held, the purpose for which the testimonial is to be held and the purpose for which the funds are to be used.
[5] Section 111.012(2)(c), F.S.
[6] The report must contain the full name and address of each person who purchases one or more tickets or gives any money or donation with respect to such testimonial, together with the amount and date thereof, and the full name and address of each person, charity, or unit of government to whom any payment for expenses or disposition of funds is made with respect to such testimonial, together with the date and amount thereof and the purpose therefor.
[7] Section 111.012(2)(e) and (f), F.S., provides that it is a first degree misdemeanor for any person or officer who holds a testimonial, or consents to a testimonial being held, in violation of subsection (2) of the statute; further, it is a first degree misdemeanor for any person required to dispose of the funds in a testimonial account who fails to dispose of the funds in the manner prescribed by the statute.
[8] See, e.g., Towerhouse Condominium, Inc. v. Millman,475 So.2d 674 (Fla. 1985). And see, White v. Crandon,156 So. 303 (Fla. 1934) (authority of public officers to proceed in a particular way or only upon specific conditions implies a duty not to proceed in any other manner than that authorized by law).
[9] See, e.g., The Random House Dictionary of the English Language, expense, p. 501 (unabrig. ed. 1967) ("expenses . . . charges incurred in the execution of an undertaking or commission").
[10] See, Terrinoni v. Westward HO!, 418 So.2d 1143 (1 D.C.A. Fla., 1982) (statutory language is not to be assumed to be superfluous; statute must be construed in such a manner as to give meaning to all words and phrases contained within the statute); Chaffee v. Miami Transfer Company, Inc., 288 So.2d 209 (Fla. 1974) (court in construing statute cannot invoke a limitation or add words to the statute not placed there by the Legislature). And see, Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234
(Fla. 1944) (where statute contains specific exclusions or exceptions, no others may be inferred).
[11] Compare, s. 106.141, F.S., providing for the disposition of surplus funds in a candidate's campaign account. And see, AGO 74-383 (issued prior to the enactment of s. 111.012, F.S.) stating that an elected public officer is not required under s. 111.011, F.S. to report payments to a dinner, barbecue, fish fry or other such event, including a Christmas or birthday party held in honor of such officer, except for payments to such events which exceed twenty-five dollars in amount.