638 So.2d 963 (1993)
States MEAD and William Brister, as representatives of a Class of unit owners at Ocean Trail Condominium, Appellants,
v.
OCEAN TRAIL UNIT OWNERS ASSOCIATION INC., Appellee.
No. 91-0350.
District Court of Appeal of Florida, Fourth District.
February 10, 1993.
Order Denying Rehearing June 16, 1993.
David L. Gorman of David L. Gorman, P.A., North Palm Beach, for appellants.
Daniel S. Rosenbaum and Anne E. Zimet of Becker & Poliakoff, P.A., West Palm Beach, for appellee.
FARMER, Judge.
In our decision today, we reject the idea that a board of directors of a condominium association may properly force unit owners to bear the direct costs of an unauthorized act by the directors of the association, simply because the declaration and corporate articles and bylaws generally empower the association to make assessments to pay the common expenses. In doing so, we reaffirm the principle that assessments to pay expenses are proper only when the expenses themselves are incurred in carrying out the authorized powers of the association.
In Ocean Trail Unit Owners Association Inc. v. Levy, 489 So.2d 103 (Fla. 4th DCA 1986), we affirmed a trial court determination that this association's attempt to purchase the adjoining property with assessed funds was invalid as beyond the powers of the directors of the association. Ultimately the purchase was rescinded and the association recovered about $630,000 from the seller. Some unit owners sued the association for a refund of the assessment to make the purchase and had obtained judgments. The association had also apparently incurred some additional direct costs; consequently, it made a claim against the association's insurance carrier (presumably, providing coverage *964 for directors' and officers' errors and omissions), and eventually settled that suit for $275,000.
Instead of first making all of the unit owners whole from the proceeds of the rescission and insurance claim settlement, the directors fully paid their own lawyers a fee of $175,000 for the rescission action, as well as some other costs. The association then had the sum of $100,000 left to reimburse all unit owners for their initial purchase assessment, but the sum remaining was sufficient apparently to pay only those unit owners who had sued the association and obtained judgments. The effect of this priority in payment was that some unit owners were reimbursed, while some were not. The $500 assessment at issue here was then made to pay some of these unpaid unit owners, as well as some other costs and expenses directly related to the unauthorized purchase.
The appellants brought suit as representatives of all unit owners for a declaratory judgment that the $500 assessment was unauthorized. Later, they added the issue as to whether the settlement and disbursement of the settlement proceeds were proper and in accordance with the fiduciary duties of the directors. The trial judge decided that both the assessment, and the settlement and disbursement, were proper. The class representatives appeal.
We view this $500 assessment as the direct product of the first unauthorized act of the association's directors. It is immaterial that this second assessment was not used to make the purchase itself, but instead merely to pay costs and expenses directly related to the fact of the purchase. It was a natural and entirely foreseeable consequence of the directors' folly. Directors cannot be at once unauthorized to do some act and at the same time authorized to impose assessments to pay for the consequences of the unauthorized act.
We are unable to make the distinction between this case and our decisions in Scudder v. Greenbriar C Condominium Association Inc., 566 So.2d 359 (Fla. 4th DCA 1990), and Rothenberg v. Plymouth # 5 Condominium Association, 511 So.2d 651 (Fla. 4th DCA), rev. denied, 518 So.2d 1277 (Fla. 1987), that the association urges us to see. In those cases, we concluded that the purchase of transportation services was not authorized by any power given to the association, and therefore the assessment to pay for the bus service was equally improper. Rothenberg and Scudder clearly hold that the propriety of an assessment is tied to the purposes for which it is made; these purposes must have been authorized by some power granted to the association.
Rothenberg and Scudder compel the conclusion that, if the association was un authorized to purchase adjoining property, then the association is equally un authorized to assess the unit owners with costs directly attributable to the purchase. In this case, our earlier decision in Levy concluded that the purchase of the adjoining property was not authorized. Rothenberg and Scudder are therefore directly controlling and require a reversal.
To state it as simply and directly as we can, an association's power to impose assessments on unit owners for common expenses is limited to authorized expenses, and does not extend, as is the case here, to unauthorized acts by the directors. See § 718.103(8), Fla. Stat. (1991) ("`Common expenses' means all expenses and assessments which are properly incurred by the association for the condominium". [e.s.]); Rothenberg, 511 So.2d at 652.
Were we to decide otherwise, as urged by appellee, there would scarcely be any restraint on condominium directors who are determined to exceed their powers and have the unit owners pay for it. The unit owners would effectively be left without a meaningful remedy for their directors' excesses. Moreover, the contrary holding would effectually mean that a court of equity could justifiably allow persons who suffer from some unauthorized act to pay for the privilege of doing so. We are unable to find anything in the general grant of power to make assessments that yields such a curious result.
We are equally troubled by the court's approval of the settlement agreement and of paying $175,000 out of the $275,000 *965 settlement proceeds to the association's lawyers. The attorney's fees covered the services of the association's attorneys in the rescission action. The problem with the disbursement is that the $100,000 left over after attorney's fees were paid was used to reimburse only some  but not all  of the unit owners.[1] Section 718.116(9)(a), Florida Statutes (1991), provides that no unit owner may be excused from paying his share of common expenses unless all unit owners are likewise proportionately excused from payment. If the settlement amount was not sufficient to reimburse all unit owners for the unauthorized purchase assessments and also to pay a reasonable attorney's fees to the association's lawyers for the rescission action, it is difficult to find a basis on which the court could have approved the settlement.
It seems to us, therefore, that if the settlement did not yield enough to reimburse all unit owners in full and pay all of the attorney's fees generated in reaching the settlement, then the directors had only three possible alternatives: (1) renegotiate the attorney's fee; (2) reimburse all of the unit owners in full and pay the attorneys partially; or (3) reimburse all of the unit owners partially pro rata and pay the attorneys in full. In this case, the method chosen was to reimburse some unit owners in full, some not at all, and pay the attorneys in full. There is no possible justification for the preferential selectivity followed here.
We reverse the court approval of the $500 assessment and remand for the entry of a declaratory decree that the assessment was improper and is unenforceable. We also disapprove the settlement and the disbursement of the proceeds.
REVERSED.
DELL and GUNTHER, JJ., concur.

ON MOTION FOR REHEARING.
PER CURIAM.
ORDERED that appellee's motions filed February 24, 1993, for rehearing en banc, rehearing and clarification are denied.
ORDERED that appellee's motion filed February 24, 1993, for certification of question is granted. The following question is hereby certified to the Supreme Court of Florida as one of great public importance:
WHETHER A CONDOMINIUM ASSOCIATION CAN ENFORCE A SPECIAL ASSESSMENT IMPOSED TO PAY JUDGMENTS, ATTORNEY'S FEES AND COSTS INCURRED IN CONNECTION WITH A LAWSUIT BROUGHT BY UNIT OWNERS AGAINST THE ASSOCIATION IN WHICH THE ASSOCIATION'S PURCHASE OF REAL PROPERTY WAS INVALIDATED AS AN UNAUTHORIZED ACT AND SUBSEQUENTLY RESCINDED.
DELL, GUNTHER and FARMER, JJ., concur.
NOTES
[1] Only those unit owners who had sued the association for a refund of their share of the purchase price of the adjoining property were given a refund from the settlement proceeds. As the unit owners' class representatives argue in this appeal, this selectivity in reimbursement bears the added mischief of effectively making all owners bear an expense for some.