650 So.2d 4 (1994)
OCEAN TRAIL UNIT OWNERS Association, Inc., Petitioner,
v.
States MEAD and William Brister, as representatives of a class of unit owners at the Ocean Trail Condominiums, Respondents.
No. 82083.
Supreme Court of Florida.
November 10, 1994.
Rehearing Denied February 17, 1995.
*5 Daniel S. Rosenbaum of Becker & Poliakoff, P.A., West Palm Beach, for petitioner.
David L. Gorman and Peter S. Van Keuren of David L. Gorman, P.A., North Palm Beach, for respondents.
WELLS, Justice.
We have for review Mead v. Ocean Trail Unit Owners Association, Inc., 638 So.2d 963 (Fla. 4th DCA 1993), in which the Fourth District Court of Appeal certified the following question as being of great public importance:
WHETHER A CONDOMINIUM ASSOCIATION CAN ENFORCE A SPECIAL ASSESSMENT IMPOSED TO PAY *6 JUDGMENTS, ATTORNEY'S FEES AND COSTS INCURRED IN CONNECTION WITH A LAWSUIT BROUGHT BY UNIT OWNERS AGAINST THE ASSOCIATION IN WHICH THE ASSOCIATION'S PURCHASE OF REAL PROPERTY WAS INVALIDATED AS AN UNAUTHORIZED ACT AND SUBSEQUENTLY RESCINDED.
We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. We answer the certified question "yes."
Having accepted jurisdiction to answer the certified question, we may review the entire record for error. Lawrence v. Florida E. Coast Ry., 346 So.2d 1012 (Fla. 1977). Based on our review, we conclude that the district court erred in reversing the final judgment entered by the circuit court. We therefore quash the decision of the Fourth District and remand to the district court with instructions to affirm the final judgment.
The facts giving rise to this action involve a purchase of property by Ocean Trail Unit Owners Association, Inc. (the Association), which the Fourth District held invalid as beyond the powers of the Association's board of directors. See Ocean Trail Unit Owners Association, Inc. v. Levy, 489 So.2d 103 (Fla. 4th DCA 1986). The board thereafter filed a claim against its insurance carrier and imposed a $500 special assessment upon the unit owners to cover the costs associated with the invalid purchase. Specifically, the funds obtained through the special assessment were used in part to pay the $194,079.37 judgment for attorney fees, which was rendered against the Association in favor of the attorney representing the 150 unit owners who successfully opposed the purchase. The remaining special assessment funds were used to pay judgments rendered against the Association and in favor of unit owners who sued to recover the original $1,500 assessment, which the Association used to make the invalid purchase.
Several months after the special assessment was imposed, the Association settled its claim against its insurance carrier. The Association also obtained $630,000 as a result of a rescission action arising from the invalid purchase. These funds, in addition to the funds obtained from the special assessment, were used to reimburse all unit owners for the original purchase assessment.
Prior to the full reimbursement, however, the respondents brought suit as representatives of the unit owners for a declaratory judgment that the $500 assessment was unauthorized. The respondents also challenged the amount of the insurance settlement and disbursement of the proceeds, claiming that the selective disbursement of the proceeds to only those unit owners who sued the Association for a refund of the purchase assessment constituted a breach of the Association's fiduciary duty.
In evaluating the propriety of the assessment, the district court concluded that assessments used to pay expenses are proper only when the expenses are incurred in carrying out the authorized powers of an association. The court reasoned that a board of directors cannot be unauthorized to do an act and, at the same time, authorized to impose assessments to pay for the consequences of the unauthorized act. Mead, 638 So.2d at 964. Because the judgments were incurred from the litigation attributable to the unauthorized purchase of the property, the district court determined that these expenses were not "properly incurred by the association for the condominium." Id. (quoting § 718.103(8), Fla. Stat. (1991)).[1] The district court's decision erroneously ignores that the special assessments were collected in order to pay valid judgments against the Association.
The circuit court, in its final judgment, found that the Association's board of directors reasonably believed that this special assessment was necessary to pay these judgments and protect the Association's common properties and facilities from execution and levy. Accordingly, the trial court concluded, and we agree, that the judgments were a common expense for which the Association had the authority to impose an assessment.
*7 Every condominium in Florida is created pursuant to chapter 718, Florida Statutes. § 718.104, Fla. Stat. (1987).[2] A condominium is created by recording a declaration of condominium in the public records of the county where the condominium is to be located. § 718.104(2), Fla. Stat. (1987). A condominium association operates the condominium pursuant to the association's bylaws, which must be included as an exhibit in the recorded declaration. § 718.112(1)(a), Fla. Stat. (1987).
A condominium association has the power to make and collect assessments, and to lease, maintain, repair, and replace the common elements. § 718.111(4), Fla. Stat. (1987). Specifically, the association can make assessments against unit owners to pay for common expenses. § 718.115(2), Fla. Stat. (1987). Common expenses of the association include "the expenses of the operation, maintenance, repair, or replacement of the common elements, costs of carrying out the powers and duties of the association, and any other expense designated as common expense by this chapter, the declaration, the documents creating the condominium, or the bylaws." § 718.115(1), Fla. Stat. (1987).
Condominium associations may also sue or be sued with respect to the exercise or non-exercise of their powers. § 718.111(3), Fla. Stat. (1987). This process necessarily contemplates that judgments may be entered against the association. A judgment against an association renders the property of the association subject to execution and levy.
In the condominium form of ownership, protection of the common elements is vital. Each unit owner owns a proportionate undivided share of the common elements appurtenant to the unit. § 718.103(10), (24), Fla. Stat. (1987). If assessments cannot be enforced to pay judgments which have been entered against the association and which can be executed against the association property, the condominium could be destroyed, to the detriment of all the owners.
The Association undoubtedly recognized this problem when it included section 6.5 in its declaration of condominium. Section 6.5 provides that any lien upon any portion of the common areas shall be paid by the association as a common expense. The provision is clearly authorized by chapter 718, which provides a condominium association with the powers to manage and operate the condominium property, including the power to maintain the common elements.
The district court's decision, which approves nonpayment of assessments by owners, leaves the Association property vulnerable to levy and execution of the judgments. The court essentially evaluated the judgments against the Association and decided whether an assessment to pay the judgments could be enforced on the basis of its evaluation of the reasons for the judgments. However, it is the existence of the judgments that imperils the Association property. The judgments' existence alone, therefore, authorizes the assessment and necessitates its enforcement.
As set forth in the final judgment entered by the trial court, the reason why the judgments were entered should not determine whether the assessments can be enforced. Rather, a unit owner's duty to pay assessments is conditional solely on whether the unit owner holds title to a condominium unit and whether the assessment conforms with the declaration of condominium and bylaws of the association, which are authorized by chapter 718, Florida Statutes.
The unit owners elect the officers and directors of the association, and those officers and directors have a fiduciary duty to the unit owners. § 718.111(1)(a), Fla. Stat. (1987). Accordingly, if the officers or directors act in an unauthorized manner, the unit owners should seek a remedy through elections or, if factually supported, in an action for breach of fiduciary duty. The owners' remedies do not include failing to pay an assessment to protect against a judgment which has been lawfully entered against the association.
*8 Scudder v. Greenbriar C Condominium Association, Inc., 566 So.2d 359 (Fla. 4th DCA 1990), and Rothenberg v. Plymouth # 5 Condominium Association, 511 So.2d 651 (Fla. 4th DCA), review denied, 518 So.2d 1277 (Fla. 1987), on which the unit owners and the Fourth District rely, are clearly distinguishable. The courts in these cases merely determined whether a particular expenditure was proper. The decisions did not involve lawful judgments rendered against the associations for unlawful expenditures and therefore do not compel the decision rendered by the Fourth District in this case.
The trial court's final judgment was also correct with respect to the remaining issues in this case. The insurance settlement and disbursement of proceeds did not require court approval. The settlement was within the discretion of the officers and board of directors acting for the association in managing and operating the condominium property.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW and HARDING, JJ., and McDONALD, Senior Justice, concur.
KOGAN, J., concurs in part and dissents in part with an opinion.
KOGAN, Justice, concurring in part and dissenting in part.
I cannot agree with the majority that the Condominium Act sanctions an assessment that would have the effect of forcing unit owners who prevail in an action against the condominium association for unauthorized acts to pay their own judgments. I agree with the court below that a condominium association's board of directors cannot be unauthorized to do an act and at the same time be authorized to impose assessments to pay for the consequences of the unauthorized act. Mead v. Ocean Trail Unit Owners Association, Inc, 638 So.2d 963, 964 (Fla. 4th DCA 1993). The judgments and other expenses incurred by the Association in defending the purchase of the adjoining property are directly attributable to what was determined to be an unauthorized act and, therefore, cannot be considered expenses "properly incurred by the association for the condominium." § 718.103(7), Fla. Stat. (1987). Thus, I cannot agree that expenses so incurred are common expenses that the Association could defray by assessment. I believe the Condominium Act supports this conclusion.
It is clear that the Association is authorized to impose assessments on unit owners for the payment of "common expenses." § 718.103(1), .111(4), .115(2) Fla. Stat. (1987). It is also true that section 718.115(1), Florida Statutes (1987), defines common expenses to include expenses designated as such in the condominium documents and Ocean Trail's condominium documents designate judgments as common expenses. However, it is equally clear that powers granted a condominium association in the condominium documents must be consistent with the Condominium Act. Towerhouse Condominium, Inc. v. Millman, 475 So.2d 674, 676 (Fla. 1985); Rothenberg v. Plymouth No. 5 Condo. Ass'n, 511 So.2d 651, 651 (Fla. 4th DCA), review denied, 518 So.2d 1277 (1987); § 718.111(2), Fla. Stat. (1987). As noted by the district court, section 718.103(7), defines "common expenses" as "all expenses and assessments which are properly incurred by the association for the condominium." (Emphasis added). Thus, reading section 718.115(1) in pari materia with section 718.103(7), an expense designated as a "common expense" in the condominium documents must be "properly incurred by the Association for the condominium" before the expense can be considered a "common expense" for assessment purposes. I agree with the court below that an expense is not properly incurred if it is incurred in defending an unauthorized act of the Association.
It is undisputed that the purchase of the adjoining property was an unauthorized act. If the Association is allowed to enforce an assessment to pay judgments obtained by the unit owners, plus any costs incurred in defending the unauthorized purchase, the unit owners will effectively be paying for the unauthorized act. Allowing the judgment assessment also would have the effect of forcing the prevailing unit owners to pay their own judgments. I do not read the Condominium Act to sanction such an assessment.
*9 I also must reject the Association's argument that the assessment at issue should be upheld because its board of directors acted in good faith, based on the advice of counsel, when it committed the original unauthorized act of purchasing the adjoining property. Although the proposed good faith standard has appeal, I can find no authority for such a standard in the Condominium Act.
The Association's good faith proposal is particularly unworkable in light of section 718.303(1)(e), Florida Statutes, (1993). Although this provision is not controlling in this case,[3] it seems to militate against application of a good faith standard in this context and lends support to my conclusion that judgments resulting from unauthorized acts of a condominium association should not be considered common expenses. Section 718.303(1)(e) was amended in 1991 to provide that a prevailing unit owner in an action between the unit owner and the condominium association may recover, in addition to a reasonable attorney's fee, amounts necessary to reimburse the owner for assessments levied by the association to fund the expenses of litigation. Ch. 91-103, § 14, Laws of Fla. This provision does not address the situation at hand. Rather, it appears only to apply where the assessment to fund litigation is levied before an adverse judgment has been entered against the Association. Thus, once the action that is the subject of the litigation is found to be unauthorized, the amendment provides a vehicle for the prevailing unit owner to obtain reimbursement for assessments that were levied to fund the litigation. The statute makes no provision for retention of an assessment that was imposed to defray litigation expenses where the litigation arose as the result of a good faith act on the part of the directors. Based on my reading of the Condominium Act, where, as here, unit owners challenge an act of an association as unauthorized, the association may levy an assessment to fund the litigation, as long as there has not been a determination that the challenged act is unauthorized. Until such determination, expenses incurred defending the challenged act are "properly incurred by the association for the condominium." § 718.103(8), Fla. Stat. (1993). However, once the underlying action is held unauthorized, any litigation expenses incurred as a direct result of the unauthorized act are no longer properly incurred common expenses that can be defrayed by assessment. Thus, under the current statutory scheme, if an assessment to fund litigation was levied during the litigation, a prevailing unit owner is entitled to reimbursement of the assessment. § 718.303(1)(e). After the challenged act is found to be unauthorized, the Association is without authority to enforce assessments to pay litigation expenses that were incurred in defending the unauthorized act.
I recognize that the current statutory scheme does not control this case. However, I believe my construction of the current scheme lends support to my conclusion that under the 1987 version of the Act, the Association was without authority to enforce the judgment assessment at issue here. There is no reason to believe that the amendment to section 718.303(1)(e) was intended to provide for the reimbursement of an otherwise proper assessment. Rather, it is more likely that this amendment simply was intended to provide an efficient way for a prevailing unit owner to recover assessments that became improper once it was determined that the assessments were incurred in defending or pursuing an unauthorized act.
Accordingly, I would answer the certified question in the negative and approve that portion of the decision under review finding the special assessment improper. However, I agree with the majority that that portion of the decision below disapproving the insurance settlement and disbursement of those proceeds must be quashed because those matters were within the discretion of the Association's officers and board of directors and did not require court approval.
NOTES
[1] Formerly section 718.103(7), Florida Statutes (1987).
[2] The 1987 version of the Condominium Act applies in this case because the special assessment was imposed in March 1988.
[3] The pertinent amendments to section 718.303(1)(e) became effective January 1, 1992. Ch. 91-103, § 28, Laws of Fla.