LAGOA, J.
 

 Coral Way Condominium Investments, Inc., appeals from a final judgment of foreclosure entered in favor of 21/22 Condominium Association, Inc. For the following reasons, we affirm.
 

 I.
 
 FACTUAL AND PROCEDURAL HISTORY
 

 21/22 Condominium Association, Inc. (the “Association”) is a Florida commercial condominium association created to operate the 21/22 Condominium (the “Condominium”) located in Miami, Florida. Coral Way Condominium Investments, Inc. (“Coral Way”) owns six of the Condominium’s commercial units. In August of 2008, a Special Assessment was passed by the Association in the amount of $348,703.75 to pay for flood damage repairs and cleaning of the air conditioning system’s condenser coil. The Condominium had suffered flood damage when a pipe burst in the building’s air conditioning system caused by sediment build-up in the air conditioning system’s lines. This flood damage included damage to the Condominium’s only functional elevator at the time.
 
 [1]
 

 Coral Way disputed the need and validity of the August 2008 Special Assessment and demanded that the Association provide proof of the need for such an extensive assessment. Coral Way eventually was given access to the Association’s records for 2008 and limited access to the records for 2007. Its review allegedly revealed that the Association had paid, as a common
 
 *1040
 
 expense and as a charge to all unit owners, expenses that were not common expenses, including payments for maintenance expenses that did not concern common elements and improper payment of legal fees that were not incurred by the Association. Additionally, the records allegedly revealed that the Association had received a lump sum payment in connection with a rooftop lease that had not been accounted for.
 

 The Association demanded payment of Coral Way’s portion of the Special Assessment, plus interest, attorneys’ fees and costs and provided Coral Way with notice that it would record separate claims of lien against each of Coral Way’s respective units. Coral Way refused to pay the special assessment and the claims of lien were subsequently recorded on May 14, 2009. On June 10, 2009, the Association filed its complaint against Coral Way seeking to foreclose the claims of lien. Coral Way responded to the Association’s complaint and filed its own counterclaim, raising breach of fiduciary duty as both an affirmative defense and a counterclaim. The Association subsequently moved for summary judgment as to its complaint and on March 30, 2010, the trial court granted the Association’s motion and entered a final summary judgment of foreclosure against Coral Way.
 

 II.
 
 ANALYSIS
 

 We review a trial court’s ruling on a motion for summary judgment
 
 de novo. See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.,
 
 760 So.2d 126, 130 (Fla.2000). Coral Way argues that the trial court erred in granting summary judgment in favor of the Association because the validity of the special assessment at issue remained a contested fact.
 
 See Fisher v. Tanglewood at Suntree Country Club Condo. Ass’n,
 
 669 So.2d 1050 (Fla. 5th DCA 1995) (holding that summary judgment which permitted foreclosure of a lien securing assessments was improper where the validity of the assessments remained a contested fact). Coral Way also contends that the trial court improperly severed the foreclosure action from Coral Way’s amended counterclaim for breach of fiduciary duty because the facts underlying each claim are inextricably interwoven. We address each argument in turn.
 

 A.
 
 Validity of Summary Judgment of Foreclosure
 

 The record demonstrates that no genuine issue of material fact exists as to the validity of the special assessment. A condominium association has the power to make and collect assessments for common expenses.
 
 See
 
 §§ 718.111(4), 718.115(2), Fla. Stat. (2009). The common expenses of an association include expenses incurred in the operation, maintenance, repair or replacement of the common elements, and any other expense designated as a common expense by the association’s declaration or bylaws. § 718.115(1), Fla. Stat. (2009). The common elements of a condominium include condominium property which is not included within the units. § 718.108(1)(a), Fla. Stat. (2009).
 

 It is undisputed that the special assessment at issue here was passed to pay for maintenance of the building’s air conditioning system and repair of the building’s elevator, both common elements of the building. Furthermore, it is undisputed that the special assessment was passed in the manner required by the Condominium’s bylaws. A special meeting was called by the Association and appropriate notice of the meeting was sent to Coral Way. At the special meeting a quorum was present and the special assessment was passed by a majority of those present.
 

 Coral Way does not dispute the foregoing facts. Rather, Coral Way contends that the special assessment would
 
 *1041
 
 not have been necessary were it not for the Association’s alleged breach of fiduciary duty, which Coral Way argues depleted the Association’s funds. Avoidance of the payment of a valid assessment, however, is
 
 not
 
 a remedy available to unit owners to cure unauthorized acts by officers or directors of an association.
 
 Ocean Trail Unit Owners Ass’n v. Mead,
 
 650 So.2d 4, 7 (Fla.1994). “[I]f the officers or directors of an association act in an unauthorized manner, the unit owners should seek a remedy through elections or, if factually supported, in an action for breach of fiduciary duty.”
 
 Id.
 
 Thus, while Coral Way’s allegations relating to improper payments made by the Association are the proper subject of an independent, affirmative claim for breach of fiduciary duty against the Association, those allegations are not a valid defense or avoidance to payment of the special assessment.
 

 “[A] unit owner’s duty to pay assessments is conditional
 
 solely
 
 on whether the unit owner holds title to a condominium unit and whether the assessment conforms to the declaration of condominium and bylaws of the association, which are authorized by chapter 718, Florida Statutes.”
 
 Id.
 
 (emphasis added). It is undisputed that Coral Way holds title to the condominium units. Furthermore, as discussed above, the assessment conforms to the declaration of condominium and the Association’s bylaws. Accordingly, no genuine issue of material fact exists as to the validity of the special assessment and Coral Way was obligated to pay the special assessment.
 

 Moreover, even if we were to accept Coral Way’s allegations of breach of fiduciary duty as a defense in this matter, that defense would not overcome Coral Way’s obligation to pay the special assessment at issue, as insufficiency of funds is not a prerequisite to the passing of a special assessment. The Association’s bylaws permit the Association to levy special assessments, “should such be required by the Board of Directors,” in the same manner as any other assessment. The Condominium’s governing documents do not require the Association to exhaust all funds prior to making and passing any assessment. Furthermore, Coral Way provides no case law to support its argument that an association must exhaust all funds before making a special assessment.
 

 Based on the foregoing, no genuine issue of material fact exists as to the validity of the special assessment, and the trial court properly granted summary judgment to the Association.
 

 B.
 
 Severing of Complaint and Counterclaim
 

 The trial court properly severed the Complaint and the Counterclaim, as the facts giving rise to each claim are not inextricably interwoven. As discussed above, the Association’s foreclosure action arose as a result of Coral Way’s failure to pay the August 2008 Special Assessment, and it is undisputed that the Special Assessment was duly passed for the payment of common expenses — the repair of the elevator and maintenance of the air conditioning system — resulting from a flood in the building.
 

 Coral Way’s claim for breach of fiduciary duty, in turn, arose from payments allegedly made by the Association for expenses unrelated to the flood that were not common expenses including payments for maintenance expenses that did not concern common elements and improper payment of legal fees that were not incurred by the Association. Coral Way also charged the Association with receiving a lump sum payment in connection with a rooftop lease that was not accounted for. The only connection between each party’s claim is Coral Way’s argument that the Special As
 
 *1042
 
 sessment would not have been necessary but for the Association’s breach of fiduciary duty. As discussed above, that argument is not legally relevant to the Association’s claim for foreclosure.
 

 Moreover, any breach of fiduciary duty on the part of the Association’s officers and directors would not obviate Coral Way’s duty to pay the special assessment. Instead, any success on its claim for breach of fiduciary duty would entitle Coral Way only to reimbursement of dues paid toward the purported improper expenditures. Coral Way would remain responsible for payment of the special assessment. Thus, even if Coral Way were successful on its counterclaim, the Association would still be entitled to enforce its claim of lien against Coral Way for its failure to pay the special assessment. Accordingly, the Association’s Complaint could be properly severed from Coral Way’s Counterclaim.
 

 III.
 
 CONCLUSION
 

 For the foregoing reasons, we affirm the trial court’s final summary judgment of foreclosure in favor of the Association.
 

 Affirmed.
 

 [1]
 

 . The Condominium’s second elevator was undergoing renovations at the time unrelated to the flood damage.