475 So.2d 1290 (1985)
Theodore TRUSHIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-2706.
District Court of Appeal of Florida, Third District.
September 17, 1985.
*1291 Klein, Oshinsky & Solomon and Michael B. Solomon, Hallandale, for appellant.
Jim Smith, Atty. Gen., and G. Bart Billbrough, Asst. Atty. Gen., for appellee.
Before HENDRY, NESBITT and BASKIN, JJ.
PER CURIAM.
Appellant Theodore Trushin appeals his conviction of unlawful placement for adoption pursuant to section 63.212(1)(a), (d), Florida Statutes (1979).
The facts may be briefly stated. Mr. Trushin, a suspended attorney, informed a New York couple interested in adopting a child that a newborn would be available for adoption in June of 1980. The child was born on or about June 12, 1980. The child's mother signed a consent for adoption form and authorized the release of her baby to Mr. Trushin. The New York couple flew to Florida and Mr. Trushin met them at the airport. He took them to the hospital and gave them the baby. Mr. Trushin also gave the couple instructions on traveling to Mexico and the name of an attorney there who could perform the adoption. Mr. Trushin was paid $9,000 for his services.
Subsequently, Mr. Trushin was charged in a four count information with unlawful placement for adoption; arranging the surrender of a child for money; failure to file a report of placement; and charging an excessive fee by an intermediary, in violation, respectively, of section 63.212(1)(a), (d); 63.212(1)(b), (d);[1] 63.212(3); and 63.212(4), Florida Statutes (1979).
Mr. Trushin pled not guilty and moved to dismiss the information on the ground that section 63.212 was unconstitutional. The trial court denied the motion. Thereafter, Mr. Trushin changed his guilty plea to a plea of nolo contendere to the charge of unlawful placement for adoption under count I, pursuant to an agreement with the state which provided for the nolle prosequi of counts II, III and IV, a withholding of adjudication and a period of probation. The nolo plea was entered with Mr. Trushin reserving his right to appeal the denial of his motion to dismiss. The trial court found Mr. Trushin guilty, withheld adjudication and sentenced him to two years probation.
Mr. Trushin raises two issues on appeal. First, he contends that section 63.212(1)(a) is unconstitutional as applied.
Section 63.212(1)(a), Florida Statutes (1979) provides "[i]t is unlawful for any person: (a) ... to place or attempt to place without the state a child for adoption... ." Under section 63.022(9), Florida Statutes (1979), "to place" is defined as "the process of giving or transferring of possession or custody of a child by any person to another person for adoption."
Mr. Trushin contends that he acted only as an arranger of the adoption and that the statute may be constitutionally applied only to the person who handles the legalities relative to the adoption; that person, he *1292 contends, is the Mexican attorney. We disagree.
For the state to establish a violation of section 63.212(1)(a), it need only show that Mr. Trushin gave or transferred custody of a child to another for the purpose of effectuating an adoption outside the state. It is undisputed that the natural mother gave custody of the infant to the appellant and that he in turn placed the child in the custody of the New York couple so that they could adopt the child in Mexico.
Where the language of a statute is unambiguous, it must be accorded its plain meaning. Jenny v. State, 447 So.2d 1351 (Fla. 1984); Citizens of Florida v. Public Service Commission, 425 So.2d 534 (Fla. 1982); Carson v. Miller, 370 So.2d 10 (Fla. 1979); State v. Ross, 447 So.2d 1380 (Fla. 4th DCA), pet. for rev. denied, 456 So.2d 1182 (Fla. 1984). We find that section 63.212(1)(a) is constitutional as applied to Mr. Trushin.
Mr. Trushin secondly contends that section 63.212(1)(a), Florida Statutes (1979) is unconstitutionally vague on its face. He argues that the phrase "to place" could be interpreted to refer solely to the court proceedings relative to an adoption and not the physical transfer of a child as well.
This argument fails to recognize that the definition of "to place" found at section 63.022(9) does not contain any language limiting its coverage to only court or legal proceedings. When sections 63.022(9) and 63.212(1)(a) are read together, they plainly prohibit the giving of custody of a child to another when an out of state adoption is contemplated.
The accepted test for vagueness is whether the statute is specific enough to put persons of common intelligence and understanding on notice of the proscribed conduct. Trushin v. State, 425 So.2d 1126 (Fla. 1982); State v. Hamilton, 388 So.2d 561 (Fla. 1980); Sanicola v. State, 384 So.2d 152 (Fla. 1980). We find that the statute is constitutional because it is sufficiently specific to notify persons of ordinary intelligence that transferring a child to another for the purpose of an out of state adoption is prohibited conduct. In our holding, we are guided by the well-established rule that statutes are presumptively constitutional. Department of Legal Affairs v. Sanford-Orlando Kennel Club, Inc., 434 So.2d 879 (Fla. 1983); Belk-James, Inc. v. Nuzum, 358 So.2d 174 (Fla. 1978); Metropolitan Dade County v. Golden Nugget Group, 448 So.2d 515 (Fla. 3d DCA 1984), aff'd, 464 So.2d 535 (Fla. 1985).
For the foregoing reasons and based upon the authorities cited, the judgment of the trial court is affirmed.
NOTES
[1] Count II was later amended to eliminate the allegation that Mr. Trushin arranged the surrender of a child for money, leaving that count alleging only that he did surrender a child for money.