566 So.2d 359 (1990)
Manuel SCUDDER and Frances Scudder, Sylvia Callman, Irving Stein, William Berkof and Pauline Berkof, and Max Zimmerman, Appellants,
v.
GREENBRIER C CONDOMINIUM ASSOCIATION, INC., and Sheffield B Condominium Association, Appellees.
No. 89-1828.
District Court of Appeal of Florida, Fourth District.
September 5, 1990.
*360 Michael B. Small of Small Small & Small, P.A., Palm Beach, for appellants.
Rod Tennyson of Rod Tennyson, P.A., West Palm Beach, for appellees.
PER CURIAM.
Appellants, condominium unit owners, challenge the trial court's order finding in favor of the condominium associations on whether the unit owners had to pay assessments for bus transportation as a common expense. We reverse.
This court has previously held that offsite transportation services were not included in the common expenses that condominium associations were statutorily authorized to assess against condominium unit owners. See Rothenberg v. Plymouth # 5 Condominium Ass'n, 511 So.2d 651 (Fla. 4th DCA), rev. denied, 518 So.2d 1277 (Fla. 1987). Subsequently, effective July 1, 1988, the state legislature enacted an amendment to the Condominium Act, which provided that transportation may be included among common expenses. Section 718.115(1), Florida Statutes, provides:
Common expenses include the expenses of the operation, maintenance, repair, or replacement of the common elements, costs carrying out the powers and duties of the association, and any other expense designated as common expense by this chapter, the declaration, the documents creating the condominium, or the bylaws. Common expenses also include reasonable transportation services, insurance for directors and officers, road maintenance and operation expenses, in-house communications, and security services, which are reasonably related to the general benefit of the unit owners even if such expenses do not attach to the common elements or property of the condominium. However, such common expenses must either have been services or items provided from the date the control of the board of administration of the association was transferred from the developer to the unit owners or must be services or items provided for in the condominium documents or bylaws.
(Emphasis added).
The associations admit that their bylaws were not amended, but rely on the language in the statutory amendment which provides that transportation may be considered a common expense if it is provided from the time the developer relinquishes control of the condominium to the unit owners. The trial court entered a final order in which it found that any transportation assessments made before the amendment were invalid, thus rendering any liens based on those assessments unenforceable. The court concluded, however, that although there were gaps, bus service was provided at the time administrative control was turned over by the developer, and assessments made after the effective date of the statutory amendment were proper.

MEANING OF THE STATUTE
The controlling provisions of the statute in question authorize continuing assessments for transportation services if such services have been "provided from the date the control of the board of administration of the association was transferred from the developer to the unit owners." In the final order, the court acknowledged that the
question then becomes whether or not those [transportation] services were provided from the date the control of the administration of the association was transferred from the developer... .
Yet, in setting forth its findings in the case, the court stated
I find that although there have been gaps in the provision of transportation services, that transportation services were being provided at the time the control of the association was turned over by the developer.
(Emphasis supplied). Although the statute requires services be available from the time the developer passes control to the association, the trial court found only that services were provided at the time the developer passed control and inconsistently thereafter. We do not believe that the mere provision of services at one time is sufficient under the amendment to allow the subsequent assessment as a common *361 expense.[1] It appears to us that the legislature intended to statutorily authorize continuing assessments for transportation expenses after the effective date of the statute where such services had been continuously provided by the association to the unit owners from the date of taking over the condominium, and at least up to and through the date of the amendment. Since the trial judge apparently did not resolve this factual issue, we have no alternative but to reverse and remand for further proceedings. We decline to consider the other issues raised here either because they were not raised in the trial court or because they have been rendered moot by our decision to reverse.[2] Our reversal is, however, without prejudice to the parties to amend their pleadings in the trial court so as to raise these issues and make a proper record thereon.
In accord with the above we reverse and remand for further proceedings consistent herewith.
ANSTEAD, GLICKSTEIN, JJ., and KAHN, MARTIN D., Associate Judge, concur.
NOTES
[1] The amendment appears to benefit those associations that may have provided bus transportation services to their unit owners in the good faith belief that they were authorized to do so. The amendment, of course, as properly recognized by the trial court and conceded by appellees, could not operate retroactively to validate bus services provided before the amendment.
[2] We decline to consider the constitutional issues raised for the first time on appeal or the issue of attorney's fees which will be affected by the trial court's resolution of this cause on remand.