PER CURIAM.
The final order of dismissal is affirmed as to the defendant Dr. John T. MacDonald Foundation d/b/a Doctors Hospital and the defendant City of Coral Gables upon a holding that (1) the defendant Doctors Hospital is not liable as a matter of law, under any of the causes of action pled herein, for the act of contacting Dr. Lewis for the purpose of having the plaintiff Donald Pruessman removed from Doctors Hospital under the authority of the Baker Act when the plaintiff refused to leave the hospital after his treating physician had discharged him, because (a) Dr. Lewis is not alleged to be an agent of Doctors Hospital and therefore the latter is not legally responsible for any action thereafter taken by Dr. Lewis, and (b) the mere request by Doctors Hospital for a proper Baker Act commitment does not in itself constitute a cognizable cause of action; and (2) the City of Coral Gables is not liable as a matter of law, under any of the causes of action pled herein, for the act of its police officers in taking the plaintiff in custody from Doctors Hospital based on Dr. Lewis’ facially valid, executed certificate under Section 394.463(l)(b)(3), Florida Statutes (1981), and thereafter transporting the plaintiff to a mental health facility because the police had no discretion to refuse to do so under the above statute upon presentation of the facially valid certificate. Compare Sapp v. City of Tallahassee, 348 So.2d 363, 366 (Fla. 1st DCA), cert. denied, 354 So.2d 985 (Fla.1977) with Everett v. Florida Inst. of Technology, 503 So.2d *950 1382 (Fla. 5th DCA), appeal dismissed, 511 So.2d 998 (Fla.1987). See Trushin v. State, 475 So.2d 1290, 1292 (Fla. 3d DCA 1985), rev. denied, 486 So.2d 598 (Fla.1986); § 394.463(1)(b), Fla.Stat. (1981); 1974 Op. Att’y Gen.Fla. 074-108 (April 9, 1974).
Affirmed.