GUNTHER, Judge.
Appellants (the “Association”) appeal a final judgment entered by the trial court in favor of Appellees (the “Unit Owners”). This is the third time this case appears before this Court. See Scudder v. Greenbrier C. Condo. Ass’n, 663 So.2d 1362 (Fla. 4th DCA 1995)(hereinafter “Greenbrier II”); Scudder v. Greenbrier C Condo. Ass’n, 566 So.2d 359 (Fla. 4th DCA 1990). This appeal essentially deals with whether the trial court properly entered final judgment after this Court’s opinion in Greenbrier II. We reverse.
In Greenbrier II, this Court reversed the trial court’s holding that the “one-rider” rule imposed by the Association was reasonable. Greenbrier II, 663 So.2d at 1368-70. Our opinion in Greenbrier II clearly states that while the “one-rider” rule was unreasonable and discriminatory, the balance of the transportation assessments imposed by the Association was valid and could stand alone, separate from the “one-rider” surcharge. Id. at 1354, 1369, 1370. Thus, in Greenbrier II, we intended on remand for the trial court to determine the amount of the improper assessment, which would have been the amount charged pursuant to the “one-rider” rule, and adjust the accounting on the transportation assessment accordingly. Id. at 1370.
Instead, however, on remand the Unit Owners convinced the trial court that the entire transportation assessment was invalid simply because we determined the “one-rider” surcharge to be unreasonable and discriminatory. Yet, this conclusion is completely contrary to the terms of Greenbrier II, as nothing in Greenbrier II precludes the Association from assessing general transportation costs as a valid common expense. Accordingly, we reverse the trial court’s order in favor of the Unit Owners as contrary to our mandate in Greenbrier II and instruct the trial court to enter judgment in favor of the Association on all issues except the “one-rider” surcharge. See id.
We also reverse the trial court’s order assessing prevailing party attorney’s fees against the Association. On remand, the trial court is to determine the prevailing party of this litigation and enter an attorney’s fees order accordingly, being mindful that the Association has prevailed on all but one issue.
Accordingly, the trial court’s order is reversed.
REVERSED AND REMANDED.
DELL, J., and HENNING, PATTI ENGLANDER, Associate Judge, concur.