Mr. Dennis J. Alfonso Attorney for Pasco County Clerk of Circuit Court Post Office Box 4 Dade City, Florida 33526
Dear Mr. Alfonso:
On behalf of the Clerk of the Circuit Court for Pasco County, you ask substantially the following question:
May the clerk of the circuit court issue a marriage license to an alien who does not have a social security number?
In sum:
Section 741.04, Florida Statutes, should be construed in light of its expressed purpose, which is to assist in the effective enforcement of child support orders and not to limit the persons to whom marriage licenses may be issued. The recent amendment to section 741.04, Florida Statutes, that marriage license applicants provide social security numbers, therefore, should not be construed to prohibit the clerk from issuing a marriage license to otherwise qualified aliens who do not possess social security numbers; however, the clerk should use an alternate uniform identification number, such as an alien's Immigration and Naturalization Service number, for such persons who do not have a social security number.
Section 741.04, Florida Statutes, was amended by section 67, Chapter 97-170, Laws of Florida, to provide:
"No county court judge or clerk of the circuit court in this state shall issue a license for the marriage of any person unless there shall be first presented and filed with him an affidavit in writing, signed by both parties to the marriage, providing thesocial security numbers of each party, made and subscribed before some person authorized by law to administer an oath, reciting the true and correct ages of such parties; unless both such parties shall be over the age of 18 years, except as provided in s.741.0405; and unless one party is a male and the other party is a female. Pursuant to the federal Personal Responsibility and WorkOpportunity Reconciliation Act of 1996, each party is required toprovide his or her social security number in accordance with thissection. Disclosure of social security numbers obtained throughthis requirement shall be limited to the purpose of administrationof the Title IV-D program for child support enforcement."
The language emphasized above represents the amendment to the statute and became effective July 1, 1997.[1]
As you note in your letter, some aliens seeking to be married in the State of Florida do not have social security numbers.[2] The question has therefore been raised as to whether the clerk may issue a marriage license to such individuals in light of the requirements of section 741.04, Florida Statutes, as amended.
It is a fundamental principle that statutes are to be construed so as to carry out the legislative intent.[3] Moreover, a construction of a statute that would lead to unreasonable, harsh or absurd results is to be avoided.[4]
An examination of Chapter 97-170, Laws of Florida, amending section 741.04, Florida Statutes, indicates that the act sought to implement changes required by the federal welfare reform act. Section 741.04 itself recognizes that the requirement that social security numbers be provided is pursuant to the federal Personal Responsibility and Work Opportunity Reconciliation Act of 1996[5]
(welfare reform act) and that disclosure of such numbers is limited to the purpose of administration of the Title IV-D program for child support enforcement.
Thus the clear intent of the amendment to section 741.04, Florida Statutes, was to comply with the requirements of the federal welfare reform act and to ensure greater enforcement of child support orders. Nothing in the amendatory legislation indicates an intent by the Legislature to further limit or restrict those who may obtain a marriage license.
Section 666(a) of Title 42, Chapter 7, Subchapter IV, Part D, United States Code was amended by the welfare reform act to require each State to have in effect laws requiring certain procedures to increase the effectiveness of the child support and establishment of paternity program that the State administers under this part. Subsection 13 of 42 United States Code section 666(a) requires the social security number of:
"(A) any applicant for a professional license, commercial driver's license, occupational license, or marriage license be recorded on the application;
(B) any individual who is subject to a divorce decree, support order, or paternity determination or acknowledgment be placed in the records relating to the matter; and
(C) any individual who has died be placed in the records relating to the death and be recorded on the death certificate.
For purposes of subparagraph (A), if a State allows the use of a number other than the social security number, the State shall so advise any applicants."
Thus, while the federal act provides for the recording of social security numbers on marriage license applications, it also recognizes that a number other than the social security number may be used by the state.
You refer to 42 United States Code section 1320b-7(d)(2), which establishes a verification system for determining eligibility for Aid to Families with Dependent Children programs, and states that when an individual is not a citizen or national of the United States, there must be presented:
"(A) alien registration documentation or other proof of immigration registration from the Immigration and Naturalization Service that contains the individual's alien admission number or alien file number (or numbers if the individual has more than one number), or
(B) such other documents as the State determines constitutes reasonable evidence indicating a satisfactory immigration status."[6]
Section 653(h) of 42 United States Code, in providing for a federal case registry of child support orders, states that the automated registry shall contain abstracts of support orders and "such information as the Secretary may specify in regulations (including the names, social security numbers or other uniformidentification numbers, and State case identification numbers) to identify the individuals who owe or are owed support (or with respect to or on behalf of whom support obligations are sought to be established), and the State or States which have the case."[7]
The federal act was intended to improve child support enforcement effectiveness. The act itself recognizes that a state may permit an alternative number to be listed on marriage license applications. I note that 42 United States Code section 666(a)(13) also provides that a social security number must be recorded on the death certificate. Clearly there will be instances where people have died who have no social security number, and it would be absurd to read the federal act as preventing a state from issuing a death certificate in those instances.
Moreover, the 1997 amendment of section 741.04, Florida Statutes, was enacted to give effect to the federal act. Nothing in the legislative history surrounding the amendment indicates an intent to limit those persons who may obtain a marriage certificate.
In light of the above and until this matter is otherwise clarified, I am of the opinion that the clerk may issue a marriage license to aliens who do not have a social security number. The clerk, however, should use another uniform identification number in place of the social security number for those aliens who do not have a social security number. This issue should be addressed by the Legislature and clarified in light of the language of section741.04, Florida Statutes, as amended.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tzg
[1] See, s. 81, Ch. 97-170, Laws of Florida, providing that except as otherwise expressly provided therein, Ch. 97-170 shall take effect July 1, 1997.
[2] Cf., 42 U.S.C. s. 405(c)(2)(B)(i) providing that the Commissioner of Social Security in carrying out his duties under 42 U.S.C. s. 405(c)(2)(A) shall take steps to assure that social security account numbers will, to the extent practicable, be assigned:
"(I) to aliens at the time of their lawful admission to the United States either for permanent residence or under other authority of law permitting them to engage in employment in the United States and to other aliens at such time as their status is so changed as to make it lawful for them to engage in such employment;
(II) to any individual who is an applicant for recipient of benefits under any program financed in whole or in part from Federal funds including any child on whose behalf such benefits are claimed by another person; and
(III) to any other individual when it appears he could have been but was not assigned an account number under the provisions of subclauses (I) or (II) but only after such investigation as is necessary to establish to the satisfaction of the Commissioner of Social Security, the identity of such individual, the fact that an account number has not already been assigned to such individual, and the fact that such individual is a citizen or a noncitizen who is not, because of his alien status, prohibited from engaging in employment[.]"
[3] See, e.g., State v. Iacovone, 660 So.2d 1371 (Fla. 1995) (under standard rules of construction, it is court's primary duty to give effect to legislative intent of a statute; and if literal interpretation leads to an unreasonable result, plainly at variance with purpose of legislation as a whole, court must examine the matter further).
[4] Id. And see, Carawan v. State, 515 So.2d 161 (Fla. 1987);R.F.R. v. State, 558 So.2d 1084 (Fla. 1st DCA 1990) (court construing statute must avoid any construction that would result in unreasonable, harsh, or absurd consequences); Scudder v.Greenbrier C. Condominium Association, Inc., 663 So.2d 1362 (Fla. 4th DCA 1995) (although court must ascribe plain and obvious meaning to words used in statute, it should not interpret statute so as to produce unreasonable or absurd result).
[5] Public Law 104-193, August 22, 1996. 110 Stat. 2105.
[6] See, 42 U.S.C. s. 1320b-7, requiring states with Aid to Families with Dependent Children programs under Subchapter IV, Part A to participate in a verification system. 42 U.S.C. s. 1320b-7(a)(4)(B) provides that the information obtained is to be made available to assist in the child support program under Part D of subtitle IV. And see, 42 U.S.C. s. 654(4), requiring a state plan for child and spousal support provide, among other things, services for the enforcement of child support obligations for each child for whom Aid to Families with Dependent Children is provided.
[7] See, 42 U.S.C. s. 653(h)(2).