Ms. Amy Jones Acting General Counsel Department of Health 2020 Capital Circle Southeast Tallahassee, Florida 32399-1700
Dear Ms. Jones:
Your predecessor asked substantially the following question:
May the Department of Health process an application for licensure when the applicant does not have a social security number as required by section 455.564(1), Florida Statutes?
In sum:
The provision for social security numbers contained in section 455.564, Florida Statutes, should be construed in light of its legislative intent, which is to assist in the effective enforcement of child support orders and not to limit the persons to whom licenses may be issued. Thus, the statute should not be construed to prohibit the Department of Health from issuing licenses to otherwise qualified aliens who do not possess social security numbers. However, the department should use an alternative uniform identification number, such as an alien's Immigration and Naturalization Service number, for a person who does not have a social security number.
Section 455.564(1) and (11), Florida Statutes, respectively provide in part:
"(1) Any person desiring to be licensed in a profession within the jurisdiction of the department shall apply to the department in writing to take the licensure examination. The application shall be made on a form prepared and furnished by the department andshall require the social security number of the applicant. The form shall be supplemented as needed to reflect any material change in any circumstance or condition stated in the application which takes place between the initial filing of the application and the final grant or denial of the license and which might affect the decision of the department. . . .
* * *
(11) Pursuant to the federal Personal Responsibility and WorkOpportunity Reconciliation Act of 1996, each party is required toprovide his or her social security number in accordance with thissection. Disclosure of social security numbers obtained throughthis requirement shall be limited to the purpose of administrationof the Title IV-D program for child support enforcement." (e.s.)
The language italicized above relating to social security numbers was added in 1997 by Chapter 97-170, Laws of Florida.[1]
You note that some applicants for licensure do not have social security numbers. You therefore inquire whether the department, in light of section 455.564, Florida Statutes, may process an application for licensure when the application does not contain a social security number.
It is a fundamental principle that statutes are to be construed so as to carry out the legislative intent.[2] Moreover, a construction of a statute that would lead to unreasonable, harsh or absurd results is to be avoided.[3]
In Attorney General Opinion 97-74, this office examined the intent of the Legislature in adopting Chapter 97-170, Laws of Florida. The opinion addressed whether the clerk of the court could issue a marriage license to aliens who did not have a social security number in light of the requirements of section 741.04, Florida Statutes. The statute had been amended by Chapter 97-170, Laws of Florida, to require the social security numbers of both parties seeking a marriage license. Language identical to that currently contained in section 455.564(11), Florida Statutes, was also added to section 741.04, Florida Statutes, by Chapter 97-170, Laws of Florida.
After reviewing Chapter 97-170, Laws of Florida, this office concluded that the act sought to implement changes required by the federal welfare reform act. Section 741.04, Florida Statutes (as does section 455.564, Florida Statutes) specifically recognizes that the requirement that social security numbers be provided is pursuant to the federal Personal Responsibility and Work Opportunity Reconciliation Act of 1996[4] (welfare reform act) and that disclosure of such numbers is limited to the purpose of administration of the Title IV-D program for child support enforcement.
Section 666(a) of Title 42, Chapter 7, Subchapter IV, Part D, United States Code was amended by the welfare reform act to require each state to have in effect laws requiring certain procedures to increase the effectiveness of child support and establishment of paternity programs that the State administers under this part. Subsection 13 of 42 United States Code section 666(a) requires the social security number of:
"(A) any applicant for a professional license, commercial driver's license, occupational license, recreational license, or marriage license be recorded on the application;
(B) any individual who is subject to a divorce decree, support order, or paternity determination or acknowledgment be placed in the records relating to the matter; and
(C) any individual who has died be placed in the records relating to the death and be recorded on the death certificate."
For purposes of subparagraph (A), if a State allows the use of a number other than the social security number to be used on the face of the document while the social security number is kept on file at the agency, the State shall so advise any applicants.
The federal act, therefore, was intended to improve child support enforcement effectiveness. The act itself recognizes that a state may permit an alternative number to be listed on license applications. A memorandum issued by the United States Department of Health and Human Services states that the department interprets the language of the federal act to require that states have procedures that require an individual to furnish any social security number that he or she may have; it does not, however, require that an individual have a social security number as a condition of receiving a license.[5] The department advises states to require persons who wish to apply for a license and who do not have a social security number to submit a sworn affidavit, under penalty of perjury, along with their application stating that they do not have a social security number.[6]
In adopting Chapter 97-170, Laws of Florida, the Legislature sought to comply with the requirements of the federal welfare reform act and to ensure greater enforcement of child support orders. Nothing in the amendatory legislation indicates an intent by the Legislature to further limit or restrict those who may obtain a license.
Thus, in Attorney General Opinion 97-74, this office concluded that the amendment of section 741.04, Florida Statutes, by Chapter 97-170, Laws of Florida, should be interpreted in light of its expressed purpose and should not be construed to prohibit the clerk from issuing a marriage license to otherwise qualified aliens who do not possess a social security number. For those individuals who did not have a social security number, this office recommended that an alternate uniform identification number be used, such as an alien's Immigration and Naturalization Service Number.[7]
The analysis and conclusion reached in Attorney General Opinion 97-74 would appear to be equally applicable to the instant inquiry. Like section 741.04, Florida Statutes, section 455.564, Florida Statutes, was amended by Chapter 97-170, Laws of Florida, as a means of giving effect to the federal act. Nothing in the legislative history surrounding the amendment indicates an intent to limit those persons who may obtain a professional license. As this office suggested in Attorney General Opinion 97-74, the department may wish to require those individuals who do not possess a social security number to use an alternate uniform identification number, such as an alien's Immigration and Naturalization Service Number.[8]
Accordingly, until this matter is otherwise clarified, I am of the opinion that the Department of Health may process applications of aliens who do not have a social security number. The department, however, should use another uniform identification number in place of the social security number for those aliens who do not have a social security number. This issue should be addressed by the Legislature and clarified in light of the language of section 455.564, Florida Statutes, as amended.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 64, Ch. 97-170, Laws of Florida, amending s. 455.2141(1), Fla. Stat. (1996 Supp.), and adding subsection (7) to provide:
"(1) Any person desiring to be licensed in a profession within the jurisdiction of the Agency for Health Care Administration shall apply to the agency in writing to take the licensure examination. The application shall be made on a form prepared and furnished by the agency and shall require the social security number of theapplicant. The form shall be supplemented as needed to reflect any material change in any circumstance or condition stated in the application which takes place between the initial filing of the application and the final grant or denial of the license and which might affect the decision of the agency.
* * *
(7) Pursuant to the federal Personal Responsibility and WorkOpportunity Reconciliation Act of 1996, each party is required toprovide his or her social security number in accordance with thissection. Disclosure of social security numbers obtained throughthis requirement shall be limited to the purpose of administrationof the Title IV-D program for child support enforcement." (e.s.)
And see, s. 51, Ch. 97-261, Laws of Florida, replacing the Agency for Health Care Administration with the Department of Health for purposes of regulatory oversight of health care professionals and renumbering section 455.2141 as section 455.564. Due to the adoption of additional subsections, subsection (7) was subsequently renumbered as subsection (11). See, s. 51, Ch. 97-261, Laws of Florida, and s. 7, Ch. 98-166, Laws of Florida.
[2] See, e.g., State v. Iacovone, 660 So.2d 1371 (Fla. 1995) (under standard rules of construction, it is court's primary duty to give effect to legislative intent of a statute; and if literal interpretation leads to an unreasonable result, plainly at variance with purpose of legislation as a whole, court must examine the matter further).
[3] Id. And see, Carawan v. State, 515 So.2d 161 (Fla. 1987);R.F.R. v. State, 558 So.2d 1084 (Fla. 1st DCA 1990) (court construing statute must avoid any construction that would result in unreasonable, harsh, or absurd consequences); Scudder v.Greenbrier C. Condominium Association, Inc., 663 So.2d 1362 (Fla. 4th DCA 1995) (although court must ascribe plain and obvious meaning to words used in statute, it should not interpret statute so as to produce unreasonable or absurd result).
[4] Public Law 104-193, August 22, 1996. 110 Stat. 2105.
[5] Memorandum to State IV-D Directors and Regional Program Managers from David Gray Ross, Commissioner, Office of Child Support Enforcement, U.S. Department of Health Human Services, PIQ-99-05, entitled Inclusion of Social Security Numbers on License Applications and Other Documents, dated July 14, 1999.
[6] Id.
[7] See, e.g., 42 U.S.C. s. 1320b-7(d)(2), establishing a verification system for determining eligibility for Aid to Families with Dependent Children programs, and stating that when an individual is not a citizen or national of the United States, there must be presented:
"(A) alien registration documentation or other proof of immigration registration from the Immigration and Naturalization Service that contains the individual's alien admission number or alien file number (or numbers if the individual has more than one number), or
(B) such other documents as the State determines constitutes reasonable evidence indicating a satisfactory immigration status."
And see, 42 U.S.C. s. 1320b-7 (states with Aid to Families with Dependent Children programs under Subchapter IV, Part A required to participate in a verification system). 42 U.S.C. s. 1320b-7(a)(4)(B) provides that the information obtained is to be made available to assist in the child support program under Part D of subtitle IV. See also, 42 U.S.C. s. 653(h)2., stating that for a federal case registry of child support orders, the automated registry shall contain abstracts of support orders and "such information as the Secretary may specify in regulations (including the names, social security numbers or other uniform identificationnumbers, and State case identification numbers) to identify the individuals who owe or are owed support (or with respect to or on behalf of whom support obligations are sought to be established), and the State or States which have the case."
[8] This office is aware that under the Immigration and Naturalization Act of 1996, an alien who is not a qualified alien, a nonimmigrant under the act or an alien who is paroled into the United States under 8 United States Code section 1182(d)(5) for less than one year is not eligible for any State or local public benefit. 8 U.S.C. s. 1621(a). See, s. 8 U.S.C. s. 1641(b), defining "qualified alien."
A "State or local public benefit" includes a professional licence provided by an agency of a State of local government or by appropriated funds of a State or local government. The term, however, does not apply to, among others, a professional license for a nonimmigrant whose visa is related to such employment in the United States. 8 U.S.C. s. 1621(c)(1) and (2)(A). Thus, as a memorandum from the Office of General Counsel of the Social Security Administration (SSA) recognizes, nonimmigrant aliens may be eligible for such a state or local public benefit, i.e., a professional license; however, nothing in the Social Security Act or Welfare Reform Act requires the SSA to issue social security numbers for that purpose. See, Memorandum to Office of Program Benefits Policy from Office of the General Counsel, Policy and Legislation Division, Social Security Administration, dated February 25, 1997.