792 So.2d 665 (2001)
STATE of Florida, Appellant,
v.
Philip B. PAVON, Appellee.
No. 4D00-2205.
District Court of Appeal of Florida, Fourth District.
August 29, 2001.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven R. Parrish, Assistant Attorney General, Fort Lauderdale, for appellant.
No brief filed for appellee.
SHAHOOD, J.
Appellant, State of Florida, seeks review of the trial court's order granting appellee's motion to dismiss the charges against him on the grounds that sections 481.223(1)(c) and 481.229(6), Florida Statutes (1999), are unconstitutionally vague. We hold the statutes in question to be constitutional, reverse the trial court's dismissal, and direct the trial court to reinstate the charges against appellee.
Appellee was charged by Information with being an unlicensed interior designer in violation of sections 481.223(1)(a) and (2). The Information charged that appellee unlawfully engaged in the capacity of *666 an interior designer without being duly licensed and registered with the Florida Department of Business and Professional Regulation when he offered his interior design services to renovate a family room.
Appellee moved to dismiss the charge arguing that sections 481.223(c) and 481.229(6) were unconstitutionally vague pertaining to the use of the phrases "practicing interior design," "performing interior design services," and "interior designer or words to that effect."
Section 481.223, Florida Statutes (1999), provides in relevant part that:
(1) A person may not knowingly:
(b) Practice interior design unless the person is a registered interior designer unless otherwise exempted herein;
(c) Use the name or title "architect" or "registered architect," or "interior designer" or "registered interior designer," or words to that effect, when the person is not then the holder of a valid license issued pursuant to this part.
Section 481.229, Florida Statutes (1999), which pertains to exceptions or exemptions from licensure for architecture and interior design provides that:
(6) This part shall not apply to:
(a) A person who performs interior design services or interior decorator services for any residential application, provided that such person does not advertise as, or represent himself or herself as, an interior designer. For purposes of this paragraph, "residential applications" includes all types of residences, including, but not limited to, residence buildings, single-family homes, multi-family homes, townhouses, apartments, condominiums, and domestic outbuildings appurtenant to one-family or two-family residences. However, "residential applications" does not include common areas associated with instances of multiple-unit dwelling applications.
In his motion, appellee claimed that he performed interior design services in a residential application as permitted by the above exception; however, he was charged with violating section 481.223 because he allegedly represented himself as an "interior designer." Appellee claimed that section 481.223(1)(c), and the exception set forth in 481.229(6) which allows a person to practice interior design in a residential application, are confusing. He maintained that to charge him with practicing interior design when he was legally entitled to do so under the statutory exception, because of the alleged use of the phrase "interior designer" in describing his activities in a residential application, rather than the phrase "practice interior design" or "perform interior design services," violated his due process rights.
The standard for testing vagueness under Florida law is whether the statute gives a person of ordinary intelligence fair notice of what constitutes forbidden conduct. See Brown v. State, 629 So.2d 841, 842 (Fla.1994). The test to determine whether a statute is unconstitutionally vague is "whether the language conveys a sufficiently definite warning as to the proscribed conduct when measured by common understanding and purpose." Reynolds v. State, 383 So.2d 228, 229 (Fla. 1980); see also Whitaker v. Dep't of Ins. & Treasurer, 680 So.2d 528, 531 (Fla. 1st DCA 1996)(the test for vagueness is whether the statutory language is sufficiently explicit to inform those who are subject to its provisions what conduct on their part will render them liable to its penalties and conveys a sufficiently definite warning of the proscribed conduct when measured by common understanding and practice).
*667 Any doubts as to the constitutionality of the statute must be resolved in favor of its constitutionality. See Scudder v. Greenbrier C. Condo. Ass'n, 663 So.2d 1362, 1368 (Fla. 4th DCA 1995)(citing Dep't of Legal Affairs v. Rogers, 329 So.2d 257, 263 (Fla.1976)). A statute is not unconstitutionally vague merely because it is subject to differing interpretations. See Scudder, 663 So.2d at 1368 (citing Dep't of Ins. v. Southeast Volusia Hosp. Dist., 438 So.2d 815, 820 (Fla.1983)).
In this case, the Information alleged that appellee did unlawfully engage in the capacity as an "interior designer" without being duly licensed and registered with the Florida Department of Business and Professional Regulation, by offering his interior design services to renovate a family room, in violation of sections 481.223(1)(a) and (2). We hold that section 481.223 provides adequate notice of the conduct it prohibits. The statute prohibits the practice of interior design, unless a person is a registered interior designer or otherwise exempted. Further, one may not use the name "interior designer" "registered interior designer" or words to that effect, unless licensed. Appellee admittedly was an unlicensed interior designer.
Section 481.229(6)(a) provides an exemption to licensure for a person "who performs interior design services or interior decorator services for any residential application, provided that such person does not advertise as, or represent himself or herself as, an interior designer." Under the plain and ordinary meaning of the words, one may practice or perform interior design services or interior decorator services for residential applications without being licensed so long as he does not represent or advertise himself as an interior designer.
There is nothing in the statutes in question which are confusing or renders the statutes unconstitutionally vague as applied to appellee. At the hearing, appellant argued that appellee referred to himself as an "interior designer." The statute clearly and succinctly prohibits one from representing himself to be an "interior designer" when he is not so licensed. Because we are reviewing the propriety of the trial court's granting of a motion to dismiss, whether appellant ultimately proves that appellee violated the statute is a matter not before the court at this time. We accordingly reverse and remand with directions that the charges against appellee be reinstated.
REVERSED AND REMANDED WITH DIRECTIONS.
DELL and GUNTHER, JJ., concur.